**EDWARD R. BACON GRAIN CO. v. REINECKE, Collector of Internal Revenue.**

District Court, N. D. Illinois, E. D.    May 26, 1928.

No. 35969.

Internal revenue ⬤➾7(19)—Cash grain dealer's loss on "hedging" contract was deductible for year contract was completed, though "future" sales contract was completed following year (Revenue Acts 1918, 1921, §§ 212, 234, and § 200, par. 4 [Comp. St. §§ 6336⅛f, 6336⅛pp, and § 6336⅛a, par. 4]).

Under Revenue Acts 1918, 1921, § 200, par. 4 (Comp. St. § 6336⅛a, par. 4), to effect that terms "paid or incurred," as used in section 234 (Comp. St. § 6336⅛pp), authorizing deductions from gross income of ordinary or necessary expenses paid or incurred during taxable year, are to be construed according to method of accounting and provisions of sections 200 and 212 (Comp. St. § 6336⅛a, 6336⅛f), for computation of income on basis of taxpayer's actual accounting period, losses incurred by cash grain dealer operating on "cash" basis by reason of "hedging" contract closed out in year preceding execution of contract for "future" sales *held* deductible in year "hedging" contract was closed, notwithstanding such "hedging" contract was entered into for purpose of preventing speculation under "future" sales contract completed in following year.

At Law. Action by the Edward R. Bacon Grain Company against Mabel G. Reinecke, Collector of Internal Revenue for the First District of Illinois. Judgment for defendant.

Cassels, Potter & Bentley, of Chicago, Ill. (E. H. Cassels, of Chicago, Ill., of counsel), for plaintiff.

George E. Q. Johnson, U. S. Atty., and Dwight H. Green, both of Chicago, Ill. (C. M. Charest and Frederick W. Dewart, both of Washington, D. C., of counsel), for defendant.

LINDLEY, District Judge. Plaintiff seeks to recover additional income tax assessed and paid for the year 1921 in the sum of $27,722.39. The proper steps preliminary to such a suit have been taken. The sole question involved is whether a deduction of $80,272.37 should be subtracted from the income for the year 1921, as contended by plaintiff, or from that for the year 1920, as contended by the defense.

Plaintiff is a cash grain dealer in the city of Chicago. In August, 1920, it had sold for future delivery 390,000 bushels of "cash" oats for delivery in December, 1920, or any such month thereafter as the buyers might elect, and at the end of the year 326,000

26 F.(2d)—45

bushels were as yet undelivered. On August 30th plaintiff purchased on the Chicago Board of Trade 330,000 bushels of oats to be delivered in December. This was what was known as a December "future," and was intended as a "hedge" against plaintiff's sale of "cash" oats for December, or later delivery. Under the rules of the Board of Trade it was necessary to close out this purchase of December oats prior to the end of that month. Accordingly, on November 22d, fearing that there would be a further loss on this "future" contract, plaintiff closed out its "hedge" at a loss of $80,272.37. The buyers of the "cash" grain exercised their option to receive their oats in the year 1921. The loss of $80,272.37 was charged upon plaintiff's books as an advance upon the "cash" oats not then delivered, and carried as such until the delivery of the oats in 1921, whereupon it was deducted from the profit of the "cash" oats transaction.

Plaintiff contends that the sale of "cash" oats and the "hedge" were to all intents and purposes one indivisible transaction, and that therefore it was proper not to deduct the loss upon the future contract in returning its income for the year 1920, but to carry the same over as one of its costs of its "cash" oats delivered in 1921. Defendant contends that the transactions were separate, and that the loss upon the "hedging" contract actually occurred in the year 1920, and, if deducted in making an income tax return, should have been deducted in that year, and not in the succeeding year.

Income taxes are, under section 200 of the Revenue Acts of 1918 and 1921 (Comp. St. § 6336⅛a), computed upon either a calendar year or a fiscal year basis. Section 212 (Comp. St. § 6336⅛f) provides that the income shall be computed upon the basis of the taxpayer's actual accounting period, fiscal or calendar, as the case may be. Section 234 (Comp. St. § 6336⅛pp) provides that there shall be allowed as deductions from the gross income all of the ordinary or necessary expenses paid or incurred during the taxable year. Another section provides for the deduction of losses sustained during that year. Under section 200, paragraph 4 (Comp. St. § 6336⅛a, par. 4), the terms "paid or incurred" and "paid or accrued" are to be construed according to the method of accounting. That of the plaintiff was a cash basis, and under the statute it was bound to take as deductions all of the ordinary and necessary expenses paid during the taxable year, or all losses sustained during the taxable year, if at all, during that year.

It is apparent from these provisions that the income tax is computed upon the actual receipts during a certain year, less the deductions actually paid during that year, and that the net income upon which the tax is to be computed is the actual net cash income for the particular twelve months of the taxable year. Nothing appears in the statute changing the rule that, where accounts are kept upon a cash basis, receipts may not be accounted for in any year other than that in which received, or deductions made in any year other than in the year in which they were actually sustained. In other words, the tax is an annual tax, and the true accounts of each year are subjected to the tax. Each yearly period must stand by itself. It would seem, therefore, that a taxpayer, who makes his return upon a cash basis, may not depart from such method so as to deduct some items not actually paid out, or to carry over actual losses to another year, and thus distort his income for a single year.

The court finds it impossible to agree that the "future" sales and the "hedging" contract, closed out in different years, should be treated as one indivisible transaction. It may well be that the "hedging" contract was made for the express purpose of preventing speculation, but it was an independent contract. The dates of maturity of the two contracts were not contemporaneous; they were closed out in different years; identity of quantities and dates does not appear; the actual loss was sustained in the year 1920, and the mere fact that the "hedging" contract was entered into for the purpose of preventing speculation is immaterial, so far as the actualities are concerned. It may well be that a hardship has accrued to the plaintiff because of this assessment, and because of the refusal of the commissioner to transfer the loss incurred in 1920 to the year 1921, but the situation might easily be reversed. If the "future" contract had been closed out at a profit, and the "cash" transactions at a loss, the hardship upon the plaintiff would not exist. Taxes cannot be based upon the contingencies of the market. Win or lose, taxes must be computed, under the statute as Congress has enacted it, upon an annual basis.

Reference is made to the ruling made by the department concerning open "hedge" contracts, but the situations are in no wise parallel. In those references the "hedging" contracts are at the end of the year open and undetermined. Rightfully they should be carried over to the succeeding year, and the actual loss or profit determined only when the "hedging" contract is closed.

The court finds that there is no ground for the recovery of the tax. Judgment will be entered for the defendant, in bar of plaintiff's action, and for costs.