## LAKESIDE PETROLEUM CO. v. UNITED STATES.

### No. 36075.

District Court, N. D. Illinois. E. D.

July 21, 1932.

Samuel P. Gurman, of Chicago, Ill., for plaintiff.

George E. Q. Johnson, U. S. Dist. Atty. and Dwight H. Green, Asst. U. S. Dist. Atty., both of Chicago, Ill.

WOODWARD, District Judge.

The plaintiff, during the year 1919, was a broker of fuel oils. It kept its books on a cash receipts and disbursements basis. It purchased fuel oil at a certain figure and then entered into contracts of sale for the same amount of oil. When the oil was shipped it gave in payment a bill of acceptance or a note. The oil was shipped directly to the purchaser who paid plaintiff for it upon its receipt. At the end of the year 1919, the plaintiff had a number of contracts for the purchase of oil from the Milliken Company, the principal company from which it purchased its oils, under which deliveries were to be made from time to time and on which there remained further deliveries to be made by the seller during the year 1920. Also, at the end of the year 1919, plaintiff had a number of contracts for the sale of oils which were not entirely executed. On January 9, 1920, the Milliken Company breached its contract and refused to furnish any more oil at the price and under the conditions agreed upon in the contract. Plaintiff, in order to fill some of its contracts of sale and deliver oils under its contracts, was forced to purchase oil in the open market at a higher price than as specified in its contract with the Milliken Company.

On March 15, 1920, plaintiff filed its income and profits tax return for the year 1919 and the tax shown due thereunder was paid in 1920. In 1923 plaintiff filed an amended return for the year 1919 claiming that its contracts of sale which were not completed on December 31, 1919, should be called long-term contracts under the provisions of Article 36 of Regulations 45 and part of the loss sustained in 1920 should be deducted from its profits in 1919. This return was rejected by the commissioner. Plaintiff filed its claim for refund which was also rejected. It now brings suit for the recovery of the amount of its claim for refund.

Article 36 of Regulations 45, so far as material, reads as follows: "Art. 36. Long-term contracts.—Persons engaged in contracting operations, who have uncompleted contracts, in some cases perhaps running for periods of several years, will be allowed to prepare their returns so that the gross income will be arrived at on the basis of completed work; that is, on jobs which have been finally completed any and all moneys received in payment will be returned as income for the year in which the work was completed."

Palpably plaintiff does not put itself within this article. It was not engaged "in contracting operations." It entered into contracts of purchase and sale, but there was no "contracting operations," which strictly mean operating as a contractor. There was no "completed work." There were no "jobs" which have been finally completed. There was no expense incurred except the purchase price of oil which was fixed by the contract. While Article 36 of Regulation 62, promulgated under the Revenue Act of 1921 (42 Stat. 227), is not binding in this case, yet as it represents the construction which has always been put by the government upon the

phrase "long-term contracts," it is persuasive. It provides that: "As used herein the term 'long-term contracts' means building, installation, or construction contracts covering a period in excess of one year."

In other words, long-term contracts were contracting operations where work was done under the contract and expenditures and expenses were incurred thereunder often in different years from the time payments were received by the contractors.

That the conclusion of the commissioner is correct is supported by the following cases, all of which are cited in the brief for the government: Burnett v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; Shellabarger v. Commissioner (C. C. A.) 38 F.(2d) 566; Bacon' Grain Co. v. Reinecke, Collector (D. C.) 26 F.(2d) 705; Ewing-Thomas Converting Co. v. McCaughn (C. C. A.) 43 F.(2d) 503.

The finding will be in favor of the government and against the plaintiff.