## CARR v. COMMISSIONER OF INTERNAL REVENUE.

### LEE v. SAME.

Circuit Court of Appeals, Fifth Circuit.
October 19, 1928.

Nos. 5297, 5323.

Geo. M. Stanton and J. J. Willingham, both of Augusta, Ga., for petitioners.

Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and V. J. Heffernan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and J. Louis Monarch and John G. Remey, Sp. Asst. Attys. Gen. for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The Carr-Lee Grocery Company, a corporation which was engaged in the wholesale grocery business from the time of its organization in 1909, was dissolved by a surrender of its charter on December 1, 1919. At the date of its dissolution C. D. Carr owned 72 of the 100 shares of the corporation's capital, and O. C. Lee owned the remaining 28 shares. At that time Carr intended to retire from business, and Lee desired to continue the business and to retain the benefit of its name and good will. Upon the dissolution of the corporation, its two shareholders took over its assets, and, under the same name, carried on the business during the year 1920, as it had been carried on by the dissolved corporation, except that during that time there was an unusually vigorous effort to make collections; the purpose being to liquidate the business, so far as to enable Carr to realize on his share of it and to get the business in such condition that Lee could take it over. After December 31, 1920, the operation of the business was continued by a new corporation controlled by Lee.

Under an appraisement which was made in connection with the determination of income taxes payable by Carr and Lee for the year 1919, by reason of their receipt of their respective shares or interests in the assets of the dissolved corporation, which appraisement was acquiesced in by them, specified accounts receivable of the dissolved corporation, which aggregated $42,746.30, and speci-

fied inventoried assets, having a book value aggregating $14,503.36, were listed as worthless. During 1920 the sum of $41,279.90 was collected on the accounts so listed as worthless. The new corporation, which took over the business, did not accept $24,092 of the $75,782.36 inventoried assets in existence when the transfer to the new corporation occurred, and did not accept $45,123.12 of the $118,114.01 accounts receivable shown by the books. The accounts receivable not accepted by the new corporation for itself were taken and held by it for the account of Carr and Lee. There was no evidence or finding to the effect that any of the uncollected accounts receivable were ascertained to be worthless and charged off in the year 1920.

In determining the amount of income taxes payable by Carr and Lee for the year 1920, the taxing officials ruled that the amounts collected during that year on the accounts receivable which, as above stated, had been listed as worthless, should be treated as income, and that Carr and Lee were not entitled to credit for or deduction of the whole or part of the uncollected accounts receivable which were not accepted by the new corporation. Carr and Lee separately appealed to the Board of Tax Appeals, which sustained the rulings mentioned. Those rulings are before us by petitions for review, the two cases being submitted together.

■ A partnership relation resulted from the acts of Carr and Lee in taking over the assets of the dissolved corporation and continuing the conduct of the business throughout the year 1920. In so doing they acted for themselves, dealing with the assets as their own, but recognizing the obligation to apply the assets so far as necessary to the payment of the corporation's debts. The share of each in the assets was in proportion to the number of the corporation's shares he held at the time of the dissolution. By acquiescing in the above-mentioned appraisement, the petitioners consented that, for income tax purposes, their respective interests in the specified accounts receivable which were listed as worthless be treated as having had no value when they were acquired by them upon the dissolution of the corporation.

A result of the collection in 1920 of $41,279.90 on accounts receivable, which for income tax purposes are to be treated as having had no value when they were acquired by petitioners, was that that amount was subject to be included in the gross income of petitioners during that year. The gross income included "gains, profits, and income derived from * * * trades, businesses, * * *

dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property, * * * or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." Section 213a, Revenue Act of 1918, 40 Stat. 1065. Within the meaning of the just quoted language of the statute, the petitioners realized gains or profits as a result of the receipt by them of $41,279.90 from accounts receivable which, under an appraisal for income tax purposes, acquiesced in by them, were worthless when ownership thereof was acquired by them.

■ The amount of uncollected accounts receivable which were not accepted by the new corporation was not allowable as a deduction, unless the debts evidenced thereby were "ascertained to be worthless and charged off within the taxable year." Revenue Act of 1918, § 214 (a) (7), 40 Stat. 1066; Avery v. Commissioner of Internal Revenue (C. C. A.) 22 F.(2d) 6, 55 A. L. R. 1277. The fact that the new corporation, which took over some assets acquired by petitioners from the old corporation, did not accept for itself the uncollected accounts receivable in question, is entirely consistent with a failure of the petitioners to ascertain the worthlessness of those accounts and to charge them off within the taxable year 1920. In our opinion, the record furnishes no substantial support for a contention that the debts in question were ascertained to be worthless and charged off within the taxable year 1920.

We conclude that no ruling presented for review was erroneous. The petitions are denied.