## PUTNAM NAT. BANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6173.

Circuit Court of Appeals, Fifth Circuit.

May 27, 1931.

J. V. Walton and Thos. B. Dowda, both of Palatka, Fla., for petitioner.

, G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and James K. Polk, Jr., Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., J. Louis Monarch and Norman D. Keller, Sp. Assts. to Atty. Gen., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Petitioner, having in 1921 made a partial charge off and had allowed as a bad debt a deduction of $18,000 on account of bonds held by it, was required by the Commissioner when that amount was collected on the bonds in 1925, to return it as taxable income for that year. On appeal to the Board of Tax Appeals, the action of the Commissioner was sustained, and the case comes here for review of the Board's decision.

The facts, as stipulated and found by the Board, are: That petitioner, a national bank, in 1931 accepted in lieu of notes due it thirty-nine bonds of the face value of $1,000. That, after controversy and protest, petitioner was ordered by the bank examiner to write off 60 per cent. of their face. "On December 23, 1921 petitioner's directors voted to charge off 60% of the face value of the bonds pursuant to the instructions of the chief national bank examiner and on December 31, 1921 the amount of $23,400 was charged to profit and loss. The amount so charged off was claimed as a deduction by petitioner in its return for 1921 and allowed by the respondent. The face value of the bonds was subsequently paid * * * in 1925, $30,000. Sixty per cent of this amount was on petitioner's books credited to profit and loss, and reported as taxable income in its return."

As the Board noted in its opinion, "though the petitioner does contend that the charge off and deduction was not a proper one, because no loss was actually sustained in 1921 in respect of the bonds nothing was offered to show whether or not petitioner was warranted in making the charge off. The stipulated facts do not cover the matter of partial worthlessness in 1921. * * *" They "fall far short of establishing that the charge off as made in 1921 was improper."

█ It seems to be taken for granted, as indeed it must be, that, if the 1921 deduction was properly claimed and allowed; that is, if in law and in fact the bonds were in that year ascertained to be to that extent worthless, any later collection of such debt must be returned as income. Carr v. Com'r (C. C. A.) 28 F.(2d) 551; Davidson v. Lucas, 59 App. D. C. 176, 37 F.(2d) 806; Sanford & Brooks Co. v. Com'r (C. C. A.) 35 F.(2d) 312, 314; Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; T. D. R. 62, art. 151; T. D. R. 60, art. 50; Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; Fawcus Machine Co. v. U. S., 282 U. S. 375, 51 S. Ct. 144, 75 L. Ed. 397.

Petitioner pitches its case against the action of the Board upon the proposition that the debt was not in fact determined to be worthless; that no loss in fact actually oc-

curred in 1921; that therefore the moneys received in 1925 were not income, but merely payment of the principal due on the debt.

To this contention respondent opposes two propositions: (1) That the record presents nothing from which it could be found that the taxpayer did not ascertain and declare a partial loss on account of the bonds; on the contrary, it affirmatively establishes that it did, and that, what would be petitioner's rights if the record were otherwise, presents for decision, not an issue having real substance, but a mere hypostasis. (2) If petitioner could show that there was no loss, it would, because in 1921 it claimed and received a deduction as for a loss, be now estopped from doing so.

■ Respondent's first proposition is correct, and disposes of petitioner's appeal.

■ "The power of taxation is a fundamental and imperious necessity of all government." Tyler v. U. S., 281 U. S. 503, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758.

"The Sixteenth Amendment was adopted to enable the government to raise revenue by taxation. It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation." Burnet v. Sanford, 282 U. S. 359, 51 S. Ct. 150, 152, 75 L. Ed. 383.

"Taxation, as it many times has been said, is eminently practical." Tyler v. U. S., 281 U. S. 503, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758. Because of these considerations, it is necessary for a taxpayer to show the illegality of the exactions which he opposes. Reinecke v. Spalding, 280 U. S. 232, 50 S. Ct. 96, 74 L. Ed. 385. The burden in each case to establish the facts which entitle it to the deduction or relief claimed is upon the taxpayer, and the real point in each case is whether that burden has been sustained by adequate evidence. Reinecke v. Spalding, supra.

Here the Commissioner, as a basis for his determination, found that the bonds, to the extent which he required the collections for 1925 to be returned as income, had been ascertained by the taxpayer to be worthless in 1921, and a deduction on that score claimed by the taxpayer had been allowed it. Before the Board, the taxpayer not only presented no evidence to the contrary, but by stipulation it agreed that the facts were just as the Commissioner first and the Board later, found them.

The decision of the Board is affirmed.