**MARINE TRANSPORT CO. v. COMMIS-
SIONER OF INTERNAL REVENUE.**

No. 7456.

Circuit Court of Appeals, Fifth Circuit.

April 29. 1935.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Maurice J. Mahoney, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau Internal Revenue, and Hartford Allen, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The petitioner sought a redetermination of an income tax deficiency assessed against

it for the year 1928. That deficiency assessment was based upon the receipt by petitioner in 1928 of the sum of $61,589.25 under an award made in its favor by the Mixed Claims Commission, established in pursuance of the agreement of August 10, 1922, between the United States and Germany.

The facts as found by the Board of Tax Appeals, were as follows: The petitioner, an Alabama corporation, was organized in 1917, and was dissolved in March, 1930. Following its incorporation it bought the schooner Annie F. Condon for $30,000. In October of the same year, that schooner, together with stores and supplies which cost the petitioner $2,200, was destroyed by a German submarine. In its tax return for 1917, which disclosed receipts of $38,263.48 from the operation of said schooner, petitioner deducted $30,000 from gross income as a loss sustained in the taxable year. That deduction was allowed by the respondent. The above-mentioned award was made on account of the destruction of petitioner's schooner in 1917. That award was based on a fair market value of $50,000 for the schooner and $2,200 for the supplies, less insurance and salvage of $10,685.71, or a net loss of $41,514.29, plus interest computed at 5 per centum per annum from November 11, 1918, and a small charge for the expense of the Mixed Claims Commission. In its income tax return for 1928, the taxpayer disclosed the receipt of $61,589.25 from the Mixed Claims Commission, but did not include that amount in its gross income. Upon audit, the respondent added the entire amount of the award to the taxpayer's income, allowed certain claimed deductions, and determined the deficiency now in question. This action of the respondent was approved by the Board of Tax Appeals.

■ Upon the dissolution of the corporation, its several stockholders, Peyton Norville, William J. Norville, and Mrs. W. B. Bellingrath, received distributions from the corporation's assets in proportion to their holdings of stock therein. Income tax deficiencies were assessed against the several stockholders for the year 1928. Each of the stockholders petitioned for a redetermination of the deficiency assessment against the stockholders. The four proceedings were consolidated for hearing. Pursuant to stipulations in the cases in which the stockholders severally were petitioners, the printing of the records in those cases was dispensed with, each petitioning stockholder admitting that he, or she, is liable as a trans-feree for any tax against the petitioner in this case which may result from this court's final decision in this case. The petitioner in this case was subject to tax deficiency assessment, and was competent to petition for a redetermination of the deficiency assessed against it under the Alabama statute (Code of Alabama, 1928, § 7069) providing that a corporation continues as a body corporate for a period of five years after dissolution, for the purpose of suing and being sued, paying its debts, distributing its assets, and winding up its affairs.

■ In behalf of the petitioner it was contended that the award mentioned was a gift, a mere gratuity, which, under section 22 (b) (3) of the Revenue Act of 1928 (26 USCA § 2022 (b) (3), is excluded from gross income. In support of this contention the decision in the case of Edwards v. Cuba Railroad Co., 268 U. S. 628, 45 S. Ct. 614, 69 L. Ed. 1124, was invoked. In that case it was decided that amounts contributed by the Cuban government to the taxpayer, the railroad company, did not constitute taxable income of the latter. The purpose of those contributions was to promote the public interest by encouraging and assisting in the construction of a railroad in Cuba. It was held that amounts so received by the taxpayer were contributions to its capital, and nontaxable as such. The award in favor of the petitioner in this case was not of the nature of a gratuity or bounty, but was compensation exacted for the destruction of property. In the case of United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120, which also was invoked in behalf of the petitioner, it was decided that, prior to the payment of an award of the Mixed Claims Commission, based on the taxpayer's loss of its interest as a stockholder in a German corporation, the assets and business of which were sequestered by the German government during the war, the taxpayer was entitled to deduct from its gross income for the year in which the sequestration occurred the entire amount of its investment in that corporation. The facts of that case are materially different from those of the instant one, in that in the former, while the question of the taxpayer's tax liability was open, there was a mere possibility of it being compensated for the loss of its investment, while in the instant case the taxpayer, during the tax year in question, received full compensation for the destruction of its schooner. The opinion in the last-cited case contains no intimation

that the amount of such an award as the one now in question may not be included in the taxpayer's gross income for the year in which the taxpayer received that amount. It appears from the opinion rendered in that case that the court recognized that, though the sequestration in question was within the rights of the German government as a belligerent power the acquisition by the taxpayer of a right to be compensated by Germany for the loss of its investment might be a consequence of the United States being a victor in the war. From the time petitioner's schooner was sunk it was reasonably to be anticipated that, in the event of Germany getting the worst of it in the war, the payment by Germany to nationals of the United States of compensation for their property injured or destroyed during the War by the German government or its forces would be exacted. That is what occurred. The award made in favor of the petitioner was of compensation for property destroyed. The petitioner did not receive from Germany a gift or gratuity. With reference to a similar award made by a Mixed Commission created by the United States and Great Britain, the court, in the case of Phelps v. McDonald, 99 U. S. 298, 303, 25 L. Ed. 473, said: "There is no element of a donation in the payment ultimately made in such cases. Nations, no more than individuals, make gifts of money to foreign strangers." The distinction between awards or allowances of compensation for loss of or injury to property or property rights due to action by a government or its agencies, and governmental subsidies or bounties, constituting contributions to capital, is pointed out in the cases of Texas & Pacific Ry. Co. v. United States, 286 U. S. 285, 52 S. Ct. 528, 76 L. Ed. 1108, and Continental Tie & Lumber Co. v. United States, 286 U. S. 290, 52 S. Ct. 529, 76 L. Ed. 1111. The contention under consideration is not sustainable.

What one receives for his property in excess of its cost is income. Doyle v. Mitchell Brothers Co., 247 U. S. 179, 185, 38 S. Ct. 467, 62 L. Ed. 1054. For tax purposes the petitioner recovered the cost ($30,-000) of the destroyed schooner by the allowance of that amount as a deduction from its gross income for the year 1917. The petitioner so having had the benefit of recovering the cost of the schooner in the settlement of its tax liability for 1917, the amount of the award paid to it in 1928 was income for that year. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; Putnam National Bank v. Commissioner (C. C. A.) 50 F.(2d) 158; Wichita State Bank & Trust Co. v. Commissioner (C. C. A.) 69 F.(2d) 595, certiorari denied 293 U. S. 562, 55 S. Ct. 73, 79 L. Ed. ——; Carr v. Commissioner (C. C. A.) 28 F.(2d) 551.

The applicable statute (§ 42, Revenue Act of 1928, 45 Stat. 791, 805, 26 USCA § 2042) requires all items of gross income to be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41 of that act (26 USCA § 2041), such amounts are to be properly accounted for as of a different period. There was no showing as to whether the petitioner used the accrual method of accounting or the receipts and disbursements method. The burden was on the petitioner to prove that the respondent was in error in treating the amount of the award paid to petitioner in 1928 as income for that year. Helvering v. Taylor, 293 U. S. 507, 515, 55 S. Ct. 287, 79 L. Ed. ——. There being no showing that the petitioner at any time used other than the receipts and disbursements method of accounting, it was not made to appear that the amount paid on the award was improperly treated as income of the petitioner in the year 1928.

The petitioner assigns as error the failure of the Board of Tax Appeals to find that the Mixed Claims Commission made its award to petitioner on April 21, 1926. In the absence of a showing that at any time the petitioner used the accrual method of accounting, the date of the accrual of petitioner's right to receive the amount awarded was not material.

As to the item of stores and supplies, valued at $2,200, petitioner did not take a deduction therefor in 1917 or in any subsequent year. That loss, having been sustained in 1917, under United States v. S. S. White Dental Mfg. Co., supra, was deductible in that year. The extent of that loss having been definitely ascertained in that year, a deduction therefor may not be taken in a subsequent year. De Loss v. Commissioner (C. C. A.) 28 F.(2d) 803, certiorari denied 279 U. S. 840, 49 S. Ct. 254, 73 L. Ed. 987. It follows that the amount of that loss was not deductible from the amount of the award received by the petitioner in 1928.

The record showing no error, the petition is denied.