FLYNN v. COMMISSIONER OF INTERNAL
REVENUE.
No. 7457.

Circuit Court of Appeals, Fifth Circuit.
May 4, 1935.

Geo. E. H. Goodner, of Washington, D. C., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Maurice J. Mahoney, Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau Internal Revenue, and Hartford Allen, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The petitioner sought a redetermination of tax deficiencies for the years 1928 and 1929 of the McIntyre Lumber & Export Company, an Alabama corporation (herein referred to as the corporation), totaling $14,081.36, assessed, on March 5, 1932, against petitioner, as transferee of the assets of the corporation, under the provisions of section 311 of the Revenue Act of 1928, 45 Stat. 861, 26 USCA § 2311. The Board of Tax Appeals sustained the action of the respondent. That action is before us on a petition for review. Concurrently with the filing of that petition for review, W. W. Cleveland, another transferee of the corporation, filed a petition for review of similar action of the Board of Tax Appeals, which is now pending before this court. Pursuant to stipulation in that case (77 F.(2d) 184), this court ordered that its decision in the instant case would be controlling in that case.

The facts, as found by the Board of Tax Appeals, are as follows: The corporation was organized in 1908, and engaged in the export business. It continued in that business until some time in 1918, when it ceased active operations, but continued in existence until after years involved in this proceeding. Its issued capital stock was 250 shares of a par value of $100 per share. Its stockholders during the years involved were the petitioner, who owned 118¼ shares, W. W. Cleveland, who owned 66¾ shares, and Mrs. W. W. Cleveland, who owned 65 shares. In March, 1916, the corporation bought a two-thirds interest in the schooner Magnus Manson for $77,000. That vessel was sunk by a German submarine on May 25, 1917. The vessel carried a total insurance of $100,000, all of which was collected in the year 1917. The difference between the cost of the corporation's interest and its share of the insurance was $10,333.34. It took no deduction in its 1917 return for any loss on account of the sinking of the vessel, but in 1918 it closed the account on its books, charged the sum of $10,333.34 off its books as a loss, and in its 1918 income and profits tax return took the item of $10,333.34 as a loss. On January 16, 1920, the corporation and the other joint owners of the vessel filed a joint claim with the Department of State for $300,000, representing the alleged value of the vessel (allowance to be made, however, for the insurance recovered) at the time she was sunk. The United States prosecuted the joint claim so filed before the German-American Mixed Claims Commission, which, on January 14, 1927, made an award to the several claimants. The amount awarded to the corporation was $100,000, with interest at the rate of 5 per cent. per annum from November 11, 1918, to the date of payment. The net payments to the corporation on account of the award were as follows:

| On account of— | 1928, | 1929, | 1930 |
|---|---|---|---|
| Principal | $99,500.00 | | |
| Interest | 13,641.04 | $7,585.82 | $4,402.57 |

The corporation reported the amount received during 1928 as nontaxable income in its federal income tax return for 1928. It similarly reported the amounts paid it during 1929 and 1930. It distributed the payments on the award. In those distributions the petitioner received sums as follows: In 1928, $53,515.72; in 1929, $3,192.85; and in 1930, $2,082.42. Following the above distributions, the corporation had no assets. While it was engaged in active business, the corporation kept its books and records on the accrual basis.

Prior to the determination of the liabilities in question against petitioner and Cleveland, the respondent mailed no deficiency notices for 1928 and 1929 to the corporation, which timely filed tax returns for each of the years in question, at dates not later than March 15, 1929 and 1930. The liability notices for the years 1928 and 1929 were mailed to the petitioner and Cleveland on March 4, 1932.

The statement of evidence contained in the record consists of the following: "The evidence in these proceedings consists of the facts in the pleadings which are admitted, the findings of fact made and promulgated by the Board on June 28, 1933, which findings are hereby adopted and made a part hereof by reference, together with the following additional evidence which was offered at the hearing." The additional evidence referred to is a copy of the above-mentioned award of the Mixed Claims Commission, and a copy of a stipulation, filed in the proceeding in which that award was made, as to the amount of damages suffered by the claimants therein.

The opinion rendered by the Board of Tax Appeals contains statements to the effect that on January 1, 1931, the award was unpaid to the extent of $20,565.02, and that this amount was received and distributed prior to respondent's determination of liability against the corporation, and that at the date of such determination the corporation had no assets.

The petitioner challenges the action of the Board of Tax Appeals on grounds mentioned below.

The contention that amounts paid to a taxpayer under awards made by the Mixed Claims Commission are gifts or gratuities and do not constitute taxable income where the taxpayer's cost basis has already been restored was adversely disposed of by the decision of this court in the case of Marine Transport Company v. Commissioner, 77 F.(2d) 177; the facts of the cited case pertinent to the contention under consideration not being materially different from those of the instant case.

Petitioner contends that the corporation was on the accrual basis of accounting for the years involved, with the result that if the amount awarded was taxable income of the corporation, that amount should have been assessed for the year in which the right of the corporation to receive the amount awarded accrued. The record does not show that the corporation was upon the accrual basis in the years in question. The Board's findings of fact included one to the effect that while the corporation was engaged in active business it kept its books and records on the accrual basis; but the Board also found that the corporation ceased active operations in 1918, and that in its federal income tax returns for the years 1928, 1929, and 1930, the corporation reported the amounts received by it in those years, respectively, on account of the award as nontaxable income for those years, respectively. That the corporation was not using the accrual method of accounting in the years in question is indicated by its omission to return the amount awarded as income for the year in which the right to receive that amount accrued—either upon the making of the award or upon the enactment of the Settlement of War Claims Act, March 10, 1928, (45 Stat. 254)—and by its action in returning the amounts received under the award as nontaxable income for the years in which those amounts, respectively, were received. The corporation's omissions and acts show that during the years in question the accrual method of accounting was not "regularly employed" by it, with the result, under section 41 of the Revenue Act of 1928, 45 Stat. 805, 26 USCA § 2041, of requiring its net income to be computed in accordance with that method. For support of its contention now under consideration, the petitioner cited the decision in the case of Automobile Ins. Co. v. Commissioner (C. C. A.) 72 F.(2d) 265. The facts of the cited case are materially different from those of the instant one, in that in the former the taxpayer, which was on the accrual basis, reported the entire amount of the award in its favor in its return for the year, 1928, in which the Settlement of War Claims Act (45 Stat. 254) was passed, the court approving the action of the taxpayer in treating its right to the sum awarded as having accrued upon the passage of that act; while in the instant case it does not appear that the corporation was on the accrual basis in the years in question, but it does appear that the corporation, in its returns for the several years in which it received parts of the total amount awarded to it, reported the amounts received by it under the award as income for the years in which those amounts, respectively, were actually received by it. Under the statute (sections 41, 42, Revenue Act of 1928, 45 Stat. 791, 805, 26 USCA §§ 2041, 2042), all items of income shall be included in the

gross income for the taxable year in which received by the taxpayer, unless properly accounted for as of a different period. The burden is upon the taxpayer to establish the invalidity of the Commissioner's determination. Lucas v. Structural Steel Co., 281 U. S. 264, 271, 50 S. Ct. 263, 74 L. Ed. 848; Helvering v. Taylor, 293 U. S. 507, 515, 55 S. Ct. 287, 79 L. Ed. ——. This burden was not carried. It was not proved that the amounts received by the corporation under the award were properly accounted for otherwise than by its reporting them in its returns for the years in which those amounts, respectively, were received.

Another contention of the petitioner is that the deficiencies in question were barred by the expiration of the time for assessing a deficiency against a transferee of property of a taxpayer. Section 311 of the Revenue Act of 1928 (45 Stat. 791, 26 US CA § 2311) provides that the period for assessment of a tax liability of an initial transferee of a taxpayer shall be one year after the expiration of the period of limitation for assessment against the taxpayer. The income tax returns of the corporation for the years 1928 and 1929 were timely filed not later than March 15th of the years 1929 and 1930, respectively. The period of limitation for assessment against the corporation was two years after its return was filed. Section 275 Revenue Act of 1928, 45 Stat. 856, 26 USCA § 2275. It follows that the periods of limitation upon assessments against the corporation, unless lawfully extended, expired on March 15, 1931, and 1932, respectively. The deficiency assessment notices were mailed to the petitioner on March 4, 1932, each notice being within one year after the expiration of the period of limitation for assessment against the corporation. The suggestion that the petitioner is not liable under the assessment made against him for the year 1928, because the time for assessment against the corporation had expired without any assessment against it being made, is not sustainable. That suggestion is adversely disposed of by the decision of this court in the case of City National Bank v. Commissioner, 55 F.(2d) 1073, certiorari denied 286 U. S. 561, 52 S. Ct. 643, 76 L. Ed. 1294. To the same effect is the decision in the case of Baumgartner v. Commissioner (C. C. A.) 51 F.(2d) 472. The language of the statute prescribing the period of limitation for assessment against a transferee contains nothing indicating an intention to make a transferee's liability to assessment dependent upon the making of an assessment against the transferor taxpayer within the time allowed for making such assessment. A statute is not to be construed as requiring the doing of a futile thing unless such requirement is clearly disclosed by the language used. It appears from the above referred to statement contained in the opinion rendered by the Board of Tax Appeals that at the time the deficiency assessments notices were transmitted to the petitioner the corporation had no assets, with the result that if a tax assessment had been timely made against it that action would have been entirely futile. It was argued in behalf of the petitioner that the statement in the Board's opinion to the effect that on March 4, 1932, the corporation had no assets was unwarranted, because not supported by a finding contained in the Board's findings of fact. The procedural provision governing the Board's action, that it "include in its report * * * its findings of fact or opinion or memorandum opinion" (26 USCA § 1219 (b), permits a finding of fact by the Board to be embodied in its opinion, without being supported by a formal finding included in its findings of fact. Insurance & Title Guarantee Co. v. Commissioner (C. C. A.) 36 F.(2d) 842, certiorari denied 281 U. S. 748, 50 S. Ct. 352, 74 L. Ed. 1160. The finding by the Board to the effect that the corporation had no assets at the time the deficiency assessments were made against the petitioner as assignee was prima facie correct, and under the facts found the petitioner was liable for the amounts of deficiencies assessed against him. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Helvering v. Taylor, supra. The evidence on which the Board of Tax Appeals made its findings and based its decision not being included in the record, there is an obvious failure of the petitioner to sustain the burden resting upon him to show that the Commissioner's determinations, which were sustained by the Board of Tax Appeals, were wrong.

Error not being shown by the record, the petition is denied.