## COMMISSIONER OF INTERNAL REVENUE v. VAN SCHAICK, Superintendent of Insurance, et al.
## No. 374.

Circuit Court of Appeals, Second Circuit.
June 8, 1936.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., for petitioner-appellant the Commissioner of Internal Revenue.

Morris Barasch, of New York City (John M. Downes and Alfred L. Green, both of New York City, of counsel), for respondent-appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This appeal involves income taxes for the years 1928 and 1929 aggregating $8,879.64, which were assessed by the Commissioner of Internal Revenue upon awards made by the Mixed Claims Commission and received by the Liberty Marine Insurance Company during those years for insured property which was destroyed or confiscated by the German government during the late war.

On February 14, 1921, the Superintendent of Insurance of the State of New York commenced a proceeding against the Liberty Marine Insurance Company for liquidation of its assets and, as a result, the company was, on or about that date, decreed to be insolvent and liquidation of its property by the superintendent was ordered pursuant to section 63 of the New York Insurance Law (Consol.Laws N.Y. c. 28).

During the years from 1914 to 1918, the insurance company had paid substantial amounts on its policies because insured property had been confiscated by the German government. These amounts were deductible as losses during the years in which they accrued. The commissioner contends that the awards of the Mixed Claims Commission (amounting to $52,717.93 in 1928, and $14,020.17 in 1929), which accrued to the insurance company through subrogation to the rights of the insured to recover damages for confiscated property, represented taxable income. It is not questioned

that the interest accrued upon these awards was properly income, and such was the holding of both the commissioner and the board. The Board of Tax Appeals, however, held that under section 204 of the Revenue Act of 1928 (45 Stat. 844, 26 U.S.C.A. § 204 and note) governing "Insurance companies other than life or mutual," the principal of the awards could not lawfully be assessed as income.

The part of the awards attributable to principal and paid by the Mixed Claims Commission to the Liberty Marine Insurance Company clearly represented a recoupment of losses which had been properly deducted from income returns in prior years. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383; United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120. Such payments by ordinary business corporations would be treated as taxable income. This is so even though in the case of corporations generally "income" as defined did not in terms embrace recoupments of previously deducted losses. Recoupments of losses have ordinarily been regarded by the courts as income on the theory that the duty to make a return of recoupments was implicit in the original right to take the deductions. Maryland Casualty Co. v. United States, 251 U.S. 342, 40 S. Ct. 155, 64 L.Ed. 297; Marine Transport Co. v. Commissioner, 77 F.(2d) 177 (C.C.A.5); Wichita State Bank & Trust Co. v. Commissioner, 69 F.(2d) 595 (C.C.A.5); Askin & Marine Co. v. Commissioner, 66 F.(2d) 776 (C.C.A.2); Putnam Nat. Bank v. Commissioner, 50 F.(2d) 158 (C.C.A.5).

The income of insurance companies, other than life or mutual, that is subject to taxation is specifically treated in the Revenue Act of 1928. Under section 204 of that act the taxable income of such corporations (of which the Liberty Marine Insurance Company is one) is definitely defined in such a way that the awards received from the Mixed Claims Commission in the present case are not only not "income" as the term is defined by that section, but are essentially excluded from the definition.

Section 204 (b) (1) defines "income" of insurance companies (other than life or mutual) that is subject to taxation as follows:

"(1) *Gross Income.* 'Gross income' means the sum of (A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners, and (B) gain during the taxable year from the sale or other disposition of property; * * *

"(2) *Net Income.* 'Net income' means the gross income as defined in paragraph (1) of this subsection less the deductions allowed by subsection (c) of this section." 26 U.S.C.A. § 204 (b) (1) (A, B), (2) and note.

Section 204 (b) goes on to define "investment income" as interest, dividends, and rents, and "underwriting income" as premiums earned on insurance contracts during the taxable year less losses and expenses incurred during such year. Subdivision (b) (6) (26 USCA § 204 (b) (6) provides that losses incurred on insurance contracts shall be computed as follows: "To losses paid during the taxable year, add salvage and reinsurance recoverable outstanding at the end of the preceding taxable year, and deduct salvage and reinsurance recoverable outstanding at the end of the taxable year. To the result so obtained add all unpaid losses outstanding at the end of the taxable year and deduct unpaid losses outstanding at the end of the preceding taxable year."

Section 204 (b) and section 204 (c) then proceed to define "Expenses Incurred" and "Deductions Allowed" in the case of the insurance companies embraced in the section. Among the "Deductions Allowed" there are specified under 204 (c) (4), 26 U.S.C.A. § 204 (c) (4): "Losses incurred as defined in subsection (b) (6) of this section." That subsection, as shown supra, related to losses, against which any salvage had to be set off. It seems evident from the foregoing that salvage may only be treated as income to the extent that it is available to reduce a loss which has accrued during the year in which the right to salvage accrued. Accordingly, "salvage" in marine insurance cases is for income tax purposes not income at all, but only a means of reducing losses which may be deducted in a taxpayer's return. This mode of treating "salvage" would in most cases give it the attributes of income. If the company was a concern in active business, instead of in liquidation, losses from the ordinary marine casualties insured against would far exceed any salvage that might be recov-

ered. It is only because the company had ceased to issue policies long before 1928 that there were no losses in that year or in 1929 sufficient to absorb the awards. The provisions of section 204 (b) (6) and 204 (c) (4) whereby salvage may be used only to reduce marine loss are ample for properly computing the income of all insurance companies that are going concerns.

■ It was apparently only in case of insurance companies that were insolvent or in course of liquidation that such windfalls as occurred here would not be treated as income. Perhaps the failure to include "salvage" was a "casus omissus." Perhaps it was due to a purpose to indulge insolvent companies in order to benefit their creditors. In any event, section 204 is too specific to include by implication items of income outside of its definite categories.

Under section 213 (a) of the Revenue Act of 1918, 40 Stat. 1065, and Act of 1924, 43 Stat. 267, gross income included "gains or profits and income derived from any source whatever." Under section 38 of the Excise Tax Act of 1909, 36 Stat. 112 and section 2 G (a) of the Income Tax Act of 1913 (38 Stat. 172), the taxes levied were upon net income "from all sources." In section 204 of the act of 1928 the income to be taxed was strictly defined and severely limited. In none of the decisions cited by the commissioner was taxation under the act of 1928 of insurance companies other than life or mutual in question. They were cases where the statute taxed income from all sources.

A further proof that the awards received by the company in 1928 and 1929 were not taxable income is furnished from the fact that in 1932 Congress found it desirable to extend section 204 (b) (1) so as to include income from all sources. As amended in 1932, section 204 (b) (1), 26 U.S.C.A. § 204 (b) (1) and note, read as follows: " 'Gross income' means the sum of (A) the combined gross amount earned during the taxable year, from investment income and from underwriting income as provided in this subsection, computed on the basis of the underwriting and investment exhibit of the annual statement approved by the National Convention of Insurance Commissioners, and (B) gain during the taxable year from the sale or other disposition of property, and (C) all other items constituting gross income under section 22."

It can hardly be thought that (C) was inserted in 204 (b) (1) in 1932 merely "ex abundanti cautela." It is easier to suppose that it was inserted to subject new items of income to taxation.

In spite of the interesting argument on behalf of the commissioner, we cannot regard it as proper to tax the awards by the Mixed Claims Commission when section 204 of the act of 1928 so precisely defines the sort of income that may be taxed and nowhere includes such items in any taxable category. The explicit provisions of the statute cannot be extended by implication. This is the ordinary rule in construing tax statutes. United States v. Merriam, 263 U.S. 179, 187, 188, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547; Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211.

■ We think that the awards by the Mixed Claims Commission were not taxable income, and accordingly hold that the order of the Board of Tax Appeals was correct.

Order affirmed.