**STEARNS COAL & LUMBER CO. v. GLENN, Collector of Internal Revenue.**

**No. 334.**

District Court, W. D. Kentucky, Louisville Division.

Dec. 5, 1941.

H. C. Gillis, of Williamsburg, Ky., and Edw. E. Barthell, Jr., of Chicago, Ill., for plaintiff.

Eli H. Brown, III, U. S. Dist. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff Stearns Coal and Lumber Company brought this action to recover of the Collector of Internal Revenue for the Western District of Kentucky the sum of $2,655.67 with interest, which it alleges was erroneously paid by it as income taxes for the years 1936, 1937, 1938 and 1939. The basis for the claim is that during the taxable years 1930–1933 inclusive the taxpayer had charged off as worthless numerous debts, but during the taxable years 1936–1939 inclusive had made recoveries and collections on numerous of these debts previously charged off as worthless. It claims that these recoveries were erroneously reported as taxable income for the respective years for which they were made, and income taxes were erroneously collected upon the same. In each of the taxable years of 1930 through 1933, when the debts were ascertained to be worthless and were charged off, the plaintiff sustained net losses in the operation of its business without regard to the worthless debts, and so gained no tax benefit during those years by reason of such charge-offs. The plaintiff filed its claims for refund on April 29, 1940, and no action having been taken upon the same after a lapse of more than six months filed this action in the District Court. The action is before the Court on defendant's motion to dismiss the complaint.

Section 23(k) of the Revenue Act of 1936, 26 U.S.C.A.Int.Rev.Acts, page 828, and Section 43 of the Revenue Act of 1938, 26 U.S.C.A.Int.Rev.Code, § 43, are similar in providing that in computing net income there shall be allowed as deductions debts ascertained to be worthless and charged off within the taxable year. Articles 42-1 of Regulations 94 under the Revenue Act of 1936 and of Regulations 101 under the Revenue Act of 1938, dealing with accounting periods and methods, provide in part as follows: "Bad debts or accounts charged off subsequent to March 1, 1913, because of the fact that they were determined to be worthless, which are subsequently recovered, whether or not by suit, constitute income for

the year in which recovered, regardless of the date when the amounts were charged off."

Articles 23(k)-1 of the same Regulations, dealing with deductions from gross income and specifically dealing with bad debts ascertained to be worthless and charged off within the taxable year provide in part as follows: "Any amount subsequently received on account of a bad debt or on account of a part of such debt previously charged off and allowed as a deduction for income tax purposes, must be included in gross income for the taxable year in which received."

These articles are substantially reenactments of articles found in regulations under Revenue Acts prior to 1936. Plaintiff relies upon Article 23(k)-1 which it will be noticed provides that in order for any subsequent recovery of a bad debt to be included in gross income for the year in which received it must not only have been previously charged off but also have been "allowed as a deduction for income tax purposes." It will also be noticed that Article 42-1 does not contain the requirement that the charged-off debt must have been used as a deduction for income tax purposes.

Plaintiff's contention has the support of the following decisions of the United States Board of Tax Appeals: Central Loan and Investment Co. v. Commissioner, 39 B.T.A. 981, decided May 24, 1939; National Bank of Commerce of Seattle v. Commissioner 40 B.T.A. 72, decided June 8, 1939. These rulings were in accordance with the view expressed by the general counsel of the Treasury Department in G.C.M. 18525 and G.C.M. 20854, wherein it was stated that the amounts subsequently collected on account of a bad debt was not required to be included in gross income for the year of receipt unless used as a deduction for income tax purposes in whole or in part in a prior year. However, after these two cases were decided, and after the plaintiff's refund claims were filed, the chief counsel of the Bureau of Internal Revenue on July 8, 1940, issued its ruling G.C.M. 22163 withdrawing its previous ruling and opinion and taking the view that such recoveries should be included in gross income even though the prior losses had not been used for the purpose of tax reduction. This change of ruling was based upon the decision of the Supreme Court in Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383, which had been handed down on January 5, 1931, nine years earlier. It is contended that the new ruling is erroneous, and in any event should not be applied to taxes erroneously collected under the former ruling.

■ The rulings of the Bureau of Internal Revenue do not constitute the law of this case. They determine the policy of the Bureau in administering the law, but can not override the provisions of the income tax statute itself or any decision of the Supreme Court construing that statute. On the contrary, the provisions of the statute and the opinions of the Supreme Court construing such provisions are controlling irrespective of the position taken by the Bureau in administering the Act. There is no principle of estoppel involved. The taxpayer did not rely upon the earlier ruling of the Bureau in making out his returns for the years 1936 through 1939 inclusive. In fact, if it had followed such ruling in making out those returns the amounts now sought to be recovered would not have been paid. Although it filed its claim for refund relying upon the previous ruling, yet the law controlling its right to a refund is just the same now as it was then. The change in position on the part of the Bureau of Internal Revenue has not in any way changed the law which controls its right to a refund. Accordingly, the question to be decided is what is the correct law applicable to the case, regardless of the Bureau's rulings whichever way they may have been.

■ The general rule is well settled by numerous decisions that amounts representing recoveries by a taxpayer of amounts previously deducted from income for losses, expenses, bad debts, and taxes should be included in the gross income of the taxpayer for the year in which the recovery is made. See Estate of William H. Block v. Com'r, 39 B.T.A. 338, and cases cited therein on page 341; National Bank of Commerce v. Commissioner of Internal Revenue, 9 Cir., 115 F.2d 875. The case last above cited was the appeal from the decision of the Board of Tax Appeals reported in 40 B.T.A. 72, which is relied upon by the plaintiff. Plaintiff claims the ruling of the Board of Tax Appeals which held that recoveries un-

der conditions similar to the facts in the case at bar were not properly included in gross income, was affirmed by the opinion of the Circuit Court of Appeals in 9 Cir., 115 F.2d 875, but this claim does not correctly analyze the opinion. The Board of Tax Appeals made such a statement of the law in its opinion, but its ruling, by reason of additional facts, was to the effect that the amounts recovered were properly included in the gross income for the year in which they were recovered. The Appellate Court affirmed that decision, but in doing so disagreed with the Board of Tax Appeals in its statement of the general rule relied upon by the plaintiff. The ultimate ruling of the Board of Tax Appeals was correct by reason of other factors in the case, regardless of its statement of the law which was not necessary to the decision.

Since amounts recovered on debts previously charged off as worthless is income for the year in which it is recovered it remains merely to consider whether or not it is necessary for such deductions to have been used for tax purposes in previous years. This question appears to have been decisively answered by the opinion of the Supreme Court in Burnet v. Sanford & Brooks Co., supra, which holds that money received in a certain year is income for that year, regardless of whether there was a net profit or a net loss in previous years. It pointed out that in the administration of the Income Tax Law it was not only proper but necessary that definite units of time, such as a period of twelve months, be treated as separate units for the purpose of determining in each unit, independently of what may have occurred in another unit, the net income for that particular period. It was stated in that opinion that "the excess of gross income over deductions did not any the less constitute net income for the taxable period because respondent, in an earlier period, suffered net losses in the conduct of its business which were in some measure attributable to expenditures made to produce the net income of the later period." [282 U. S. 359, 51 S.Ct. 151, 75 L.Ed. 383.] Article 23(k)-1 of Regulations 94 and 101, relied upon by the plaintiff are not supported by Articles 42-1 of the same Regulations. It is not necessary to pass upon the conflict so presented, in that the Articles whatever they may be must yield to the construction of the law as handed down by the Supreme Court.

Defendant's motion to dismiss the complaint is sustained.