**HELVERING, Com'r of Internal Revenue,
v. STATE–PLANTERS BANK &
TRUST CO.**

**No. 4927.**

Circuit Court of Appeals, Fourth Circuit.
Aug. 18, 1942.

Virginia. During the years 1931-1938, it charged off as worthless and deducted from its income tax returns certain debts which it subsequently collected in the year 1939. The Commissioner determined deficiencies in the income and excess profits taxes of taxpayer for the year 1939 based upon its collection of these debts, and taxpayer appealed to the Board of Tax Appeals. The Board sustained the Commissioner as to the recoveries of debts charged off during years wherein the returns of taxpayer showed losses in an amount less than the amount of debts charged off, but reversed the Commissioner with respect to recoveries of debts which had been charged off in years wherein the loss shown by the returns was greater than the amount of the debts. The action of the Board in the latter respect was based upon the idea that recoveries of bad debts are to be included in income only to the extent that a tax benefit has been received from a prior deduction of the debt, and that no such benefit can be predicated of a deduction allowed in a year where the return shows a loss greater than the deduction. We think the Board was in error.

Sec. 22 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 22, provides: " 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

Bad debts are allowed as a deduction in the computation of net income, if ascertained to be worthless and charged off within the taxable year. 26 U.S.C.A.Int.Rev. Code, § 23(k) (1). But any amount subsequently received on a bad debt thus charged off must be included in gross income for the taxable year in which received. Treasury Regulations 103, sec. 19.23 (k)-1, provides: "Any amount subsequently received on account of a bad debt or on account of a' part

Ellis N. Slack, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Robert J. Heberle, of Richmond, Va., for respondent.

Before PARKER and SOPER, Circuit Judges, and TIMMERMAN, District Judge.

PARKER, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals. The taxpayer is a commercial bank of Richmond,

of such debt previously charged off and allowed as a deduction for income tax purposes, must be included in gross income for the taxable year in which received. * * *"

And that bad debts subsequently collected after being charged off as worthless should be included in income, see Putnam Nat. Bank v. Com'r, 5 Cir., 50 F.2d 158; Com'r v. Liberty Bank & Trust Co., 6 Cir., 59 F.2d 320; Askin & Marine Co. v. Com'r, 2 Cir., 66 F.2d 776; S. Rossin & Sons v. Com'r, 2 Cir., 113 F.2d 652.

■ There is nothing in the regulation or in any statute which makes the inclusion in gross income of collections on bad debts, previously charged off as worthless, dependent upon whether or not the charge off has resulted in a tax benefit to the taxpayer. It is argued that the language of the regulation providing for the inclusion of the collection only where the debt has been "charged off and allowed as a deduction for income tax purposes" has this effect; but manifestly a debt is charged off and allowed as a deduction for income tax purposes when it is claimed and allowed as a deduction in the return of the taxpayer, for the charge off and allowance is made in connection with the return, not in connection with the payment of the tax.

■ It is to be noted that only where the bad debt has been charged off and allowed as a deduction is it to be included in income when collected. The taxpayer is thus given an option by the statute and, only where he exercises the option, is he required to account for the collection as income. Where he does exercise it, however, by charging off the debt as worthless in his return, he is bound by the election so made. Cf. J. E. Riley Inv. Co. v. Com'r, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36; Scaife Co. v. Com'r, 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. ——. When he collects the debt thereafter he must account for the collection as income; for by electing to charge it off, he is precluded from treating it as capital or its collection as the restoration of capital and under the existing regulation impliedly consents that it be treated as income. When a debt has thus been charged off in one year and collected in a subsequent year, the fact that such charge off did or did not result in tax benefit cannot be considered in connection with the taxability of its collection as income both because the taxability is determined by the charge off and not by the tax benefit accruing therefrom and because

each taxable year must be regarded as an independent unit for income tax purposes. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383.

■ It is argued that a bad debt constitutes a capital loss, that recovery thereon is a mere restoration of capital, and that only on the theory of estoppel, because the deduction of the debt has been used to reduce taxable income, is it permissible to include the recovery in gross income. This, however, not only ignores the fact that the taxpayer elects, by charging off the debt, to eliminate it as a capital item and treat any possible collection of it as income, but, in the case of a business, is clearly contrary to proper accounting theory and practice. Bad debts are ordinarily treated as operating expense of a business in arriving at net operating gain or loss; and consequently a recovery on debts previously charged off is properly treated as income rather than as a return of capital, irrespective of what effect the charge off may have had upon income tax. The statutory provision for deduction of bad debts and the regulation requiring subsequent recovery thereon to be included in gross income is but recognition of this well established accounting practice. As said in G. C. M. 22163, 1940-2 Cum. Bull. 76: "Bad debts charged off in any business are deductible under a specific provision of the Revenue Acts rather than as ordinary and necessary business expenses. They are, nevertheless, under well-established accounting practices, recognized as operating expenses of the business deductible as such in arriving at the net operating gain or loss for the periods involved. See Finney, Principles of Accounting, 1934 Edition, Volume 1, page 37, and Kester, Principles of Accounting Fourth Edition, pages 46, 116, and 554. Consequently the amount represented by debts which become worthless and are charged off in the carrying on of a trade or business is not to be considered as an investment of capital which must first be returned in full before taxable income is derived. Under this principle, amounts recovered in any taxable year upon debts previously charged off and allowed as a deduction should be treated as taxable income regardless of whether the prior allowance of the deduction resulted in a tax benefit to the taxpayer."

But as indicated above, irrespective of whether the bad debt has been charged off in connection with the carrying on of a trade or business, we think that the taxpayer

by charging it off has elected to eliminate it as capital and to treat any subsequent collection made on it as income; and because each tax year must be treated as an independent unit for the purpose of income taxation, the question of tax benefit in the year of deduction cannot be considered in connection with the taxability of the collection. The case of Burnet v. Sanford & Brooks Company, supra, was a case in which a construction loss incurred in performance of a government contract and deducted in the years when incurred was recovered in a subsequent year. It was held, in application of the rule that each taxable year must be regarded as an independent unit for income tax purposes, that the recovery must be taxed as income of the year when collected. No logical distinction can be made, we think, for income tax purposes, between recovery of a construction loss and recovery of a bad debt theretofore charged off as worthless.

The situation is closely analogous to that which arises where property chargeable with depreciation is sold for a sufficient sum to cover the depreciation. The seller, in such case, must return as income the difference between the sale price and the depreciated cost of the property, even though the deduction of depreciation has resulted in no tax benefit and even though depreciation may not have been deducted at all. United States v. Ludey, 274 U.S. 295, 47 S.Ct. 608, 71 L.Ed. 1054; Hardwick Realty Co. v. Com'r, 2 Cir., 29 F.2d 498. There is just as much reason to say that, up to the original cost, the sale price of property is a return of capital as to say that the collection of a worthless debt is such return; and there is just as much reason to require tax benefit in the case of depreciation used as a deduction as in the case of a worthless debt so used. Depreciation represents a loss of invested capital just as truly as does the loss of a debt; deduction during the year that the loss occurs is permitted in both cases; and the holding that depreciation may not be ignored in determining gain for computing income on the sale of property, even though the depreciation has resulted in no tax benefit, would seem to be controlling in the case of the recovery of a debt, the charging off of which as worthless has likewise resulted in no tax benefit.

Directly in point is the decision of Judge Miller of the Western District of Kentucky in Stearns Coal & Lumber Co. v. Glenn, D.

C., 42 F.Supp. 28, 31, wherein he said: "Since amounts recovered on debts previously charged off as worthless is income for the year in which it is recovered it remains merely to consider whether or not it is necessary for such deductions to have been used for tax purposes in previous years. This question appears to have been decisively answered by the opinion of the Supreme Court in Burnet v. Sanford & Brooks Co., supra, which holds that money received in a certain year is income for that year, regardless of whether there was a net profit or a net loss in previous years. It pointed out that in the administration of the Income Tax Law it was not only proper but necessary that definite units of time, such as a period of twelve months, be treated as separate units for the purpose of determining in each unit, independently of what may have occurred in another unit, the net income for that particular period. It was stated in that opinion that 'the excess of gross income over deductions did not any the less constitute net income for the taxable period because respondent, in an earlier period, suffered net losses in the conduct of its business which were in some measure attributable to expenditures made to produce the net income of the later period.' "*

There is nothing in the decision of the Circuit Court of Appeals of the Ninth Circuit in National Bank of Commerce v. Com'r, 9 Cir., 115 F.2d 875, to the contrary. That case involved a bank reorganization in which debts had been charged off as worthless prior to the reorganization. The holding was that the reorganized bank was liable for income tax on the recoveries on these worthless debts on the same basis as the bank that charged them off would have been if the reorganization had not occurred. It is nowhere suggested that recoveries should be added to income only in the event that a tax benefit had been received from the deduction.

It should be noted that the view of the Board with respect to this question was originally in accord with that which we have expressed. The precise point was presented in Lake View Trust and Savings Bank v. Com'r, 27 B. T. A. 290, where the Board said: "The petitioner contends that the collections made in the taxable years before us, on the debts ascertained to be worthless, charged off on its books, and claimed and allowed as deductions from gross income of the earlier years, do not constitute

---

*Contra, see Philadelphia Nat. Bank v. Rothensies, D.C., 43 F.Supp. 923.

48

taxable income. The argument is advanced that since the petitioner had net losses in the earlier years, it has received no benefit from the claimed deductions and that there was no detriment to the Government's revenue thereby. In other words, the assertion is made that such debts, though ascertained to be worthless and actually charged off on the taxpayer's books in a particular year, should not be reflected in the computation of tax liability unless the deduction of the debt actually reduces the taxpayer's taxable income. With this we can not agree. The deduction for bad debts is provided by statute and is predicated upon (a) the ascertainment of worthlessness, and (b) the actual charge-off, and not upon the ultimate resulting benefit to a taxpayer."

The change in the Board's position may have been due to two rulings of the Treasury Department, G. C. M. 18525, C. B.-1937-1, 80 G. C. M. 20854, Cum.Bull.1939-1, 102. These rulings have been superseded by G. C. M. 22163, 1940-2 Cum.Bull. 76, in which the chief counsel of the Bureau of Internal Revenue ably reviews the question and reaches the conclusion that the rule of Lake View Trust and Savings Bank v. Com'r, supra, is the correct rule to be followed and is in accord with the decision in Burnet v. Sanford & Brooks Co., supra.

To apply the rule contended for by taxpayer would, we think, result in great confusion and complication in this particular branch of the tax law. What would be the rule where the charge off has resulted in tax benefit only to the extent of a portion of the debt? What, where other deductions are involved which, together with the deduction of the debt, result in no taxable income? What of the situation where, because of difference in tax rate, the tax benefit from the deduction does not equal the amount of the tax arising from the collection? The rule which we think is the correct one presents no such difficulties and is logically unassailable. The taxpayer is bound by the election which he has made in charging the debt off and deducting it as worthless in his return. There is no occasion to inquire whether this has resulted in tax benefit, for the matter under consideration is the income of a subsequent year.

For the reasons stated, the decision of the Board will be reversed and the cause will be remanded to it for further proceedings in accordance with this opinion.

Reversed.