## NATIONAL BRONX BANK OF NEW YORK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 97.

Circuit Court of Appeals, Second Circuit.

Feb. 9, 1945.

652

Meyer D. Siegel and Robert Siegel, both of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, Irving R. Panzer, and Meyer Rothwacks, Sp. Assts. to the Atty. Gen., for respondent.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

HUTCHESON, Circuit Judge.

In the tax years in question, petitioner sold bonds for less than cost and in each year claimed the difference as a deductible loss. The Commissioner disallowed the claim on the ground that the loss had occurred in earlier years and had been then claimed and allowed. This appeal is from a finding and order of the Tax Court sustaining the Commissioner and denying the deductions accordingly. Here petitioner's arguments, presented with a vigor and earnestness almost, but not quite, sufficient to make the worse cause seem the better, take wide range. Petitioner is not content with merely challenging the sufficiency of the evidence to support the Tax Court's findings of fact. Invoking Section 116(a) (12), Revenue Act of 1942, 26 U.S.

C.A. Int.Rev.Acts, "Recovery of bad debts, prior taxes, and delinquency amounts", and the Dobson case[1] as binding precedent, it insists that this is a case for application of the "tax benefit" theory.

■ We cannot agree. The invoked statute does not deal with deductions for losses but with income attributable to recoveries. As was pointed out in Dobson's case, 320 U.S. at page 505, 64 S.Ct. at page 248, it was enacted to deal with situations which, applying the rule of Putnam National Bank v. Commissioner of Internal Revenue, 5 Cir., 50 F.2d 158, Helvering v. State Planters Bank, 4 Cir., 130 F.2d 44, 143 A.L.R. 333, Commissioner of Internal Revenue v. United States & International Securities Corporation, 3 Cir., 130 F.2d 894, resulted in apparent hardship. As to Dobson's case, there seems to be considerable confusion as to whether it is a precedent for anything, and, if so, for what.[2] It is quite clear though that, dealing as it did with recoveries in subsequent years in respect of stocks sold in prior years at a loss, and determining merely that the Tax Court was justified in finding as a fact that there was no taxable gain, the decision in Dobson's case is not a precedent for overturning the Tax Court's decision here of an entirely different question upon entirely different evidence. What is for decision here, and all that is for decision, is whether the Tax Court's finding, that the losses through partial worthlessness occurred and were claimed and allowed as deductions in earlier years, is in accordance with law. The simple statement of the undisputed facts convinces that it is.[3] The fact of which petitioner makes so much, that the examiner required the write-downs, cannot avail petitioner here, for the Tax Court did not base its finding of worthlessness on the fact alone of this requirement. It considered and gave due weight to the voluntary act of petitioner in claiming deductions as for established losses of the amounts of the write-downs as well as to all of the other evidence in the case, and the evidence

[1] 320 U.S. 489, 64 S.Ct. 239.

[2] Dobson v. Commissioner of Internal Revenue: The Strange Ways of Law and Fact. (Paul), Vol. 57, No. 6, p. 753, Harvard Law Review. Cf. Law and Fact in Insurance Cases (Hutcheson), Vol. 23, No. 1, p. 1, Texas Law Review.

[3] These are that in years prior to the tax years, write-downs were made on the order of the national bank examiner;

that petitioner in income tax returns for years prior to the tax year in question, of its own volition, claimed the amounts of the write-downs as deductions; that these claims were allowed; that the bonds were sold at a figure substantially in accordance with the claimed losses and there was no proof fixing these losses as having occurred in the year of sale or in any years other than the ones in which they were written off.

taken as a whole supports the finding that in fact the partial losses to the extent claimed did then exist and were then actually ascertained, claimed and allowed.

The decision and order appealed from is affirmed.

CHASE, Circuit Judge (concurring).

The decisive issue is whether the petitioner's basis for determining gain or loss on the sale of the bonds should be the cost of them or that cost less the amount of the deduction allowed the petitioner in a previous year to the extent that it then wrote down the bonds. The petitioner insists that the deduction thus allowed should not affect its basis because it so happened that the deduction has never affected its tax, as it received no benefit from the allowance of the deduction, since no income was thereby freed from taxation in the year of the allowance. It also insists that the write-down is of little, or no, evidential significance as to the then value of the bonds because it was involuntary and required by the bank examiner.

As the taxability of recoveries in later years of the amount in whole or in part of tax deductions previously claimed and allowed is not involved, that part of Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, which deals with the effect of the failure to secure any tax benefit from the allowance of the deduction on the question of the actual receipt of income when making such recoveries is not here applicable.

The fact that the bank examiner did require the write-down, coupled with the fact that the bank made it, is some evidence that the bonds had then become worthless to the extent of the write-down, and the weight and effect of the evidence as to the circumstances under which the write-down was made were for the Tax Court to determine. When that evidence is considered in connection with the fact that the bank, under no compulsion from the bank examiner to claim any deduction in its income return for that year, did claim such deduction and the Commissioner allowed it, there was substantial evidence that the bonds had become worthless to that extent in the year the deduction was claimed and allowed. Accordingly there was the required evidential support of the finding of the Tax Court to the effect that the petitioner did not suffer any actual loss in the later taxable years in which it sold the bonds. That being so, Dobson v. Commissioner of Internal Revenue, supra, supports not the petitioner but the respondent and requires an affirmance.

FRANK, Circuit Judge, concurs in the opinion of CHASE, Circuit Judge.