# BURNET, COMMISSIONER OF INTERNAL REVENUE, v. SANFORD & BROOKS COMPANY.

No. 31.  Argued December 5, 8, 1930.—Decided January 5, 1931.

Mr. *Claude R. Branch*, Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist*, and *Messrs. Sewall Key* and *Andrew D. Sharpe*, Special Assistants to the Attorney General, *Erwin N. Griswold*, and *Clarence M. Charest*, General Counsel Bureau of Internal Revenue, and *Prew Savoy*, Special Attorney, were on the brief, for petitioner.

*Mr. Harry N. Baetjer* for respondent.

*Messrs. Charles D. Hamel, Richard S. Doyle,* and *Brainard Avery,* by special leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted, 281 U. S. 707, to review a judgment of the Court of Appeals for the Fourth Circuit, 35 F. (2d) 312, reversing an order of the Board of Tax Appeals, 11 B. T. A. 452, which had sustained the action of the Commissioner of Internal Revenue in making a deficiency assessment against respondent for income and profits taxes for the year 1920.

From 1913 to 1915, inclusive, respondent, a Delaware corporation engaged in business for profit, was acting for the Atlantic Dredging Company in carrying out a contract for dredging the Delaware River, entered into by that company with the United States. In making its income tax returns for the years 1913 to 1916, respondent added to gross income for each year the payments made under the contract that year, and deducted its expenses paid that year in performing the contract. The total expenses exceeded the payments received by $176,271.88. The tax returns for 1913, 1915 and 1916 showed net losses. That for 1914 showed net income.

In 1915 work under the contract was abandoned, and in 1916 suit was brought in the Court of Claims to recover for a breach of warranty of the character of the material

to be dredged. Judgment for the claimant, 53 Ct. Cls. 490, was affirmed by this Court in 1920. *United States* v. *Atlantic Dredging Co.*, 253 U. S. 1. It held that the recovery was upon the contract and was " compensatory of the cost of the work, of which the government got the benefit." From the total recovery, petitioner received in that year the sum of $192,577.59, which included the $176,271.88 by which its expenses under the contract had exceeded receipts from it, and accrued interest amounting to $16,305.71. Respondent having failed to include these amounts as gross income in its tax returns for 1920, the Commissioner made the deficiency assessment here involved, based on the addition of both items to gross income for that year.

The Court of Appeals ruled that only the item of interest was properly included, holding, erroneously as the government contends, that the item of $176,271.88 was a return of losses suffered by respondent in earlier years and hence was wrongly assessed as income. Notwithstanding this conclusion, its judgment of reversal and the consequent elimination of this item from gross income for 1920 were made contingent upon the filing by respondent of amended returns for the years 1913 to 1916, from which were to be omitted the deductions of the related items of expenses paid in those years. Respondent insists that as the Sixteenth Amendment and the Revenue Act of 1918, which was in force in 1920, plainly contemplate a tax only on net income or profits, any application of the statute which operates to impose a tax with respect to the present transaction, from which respondent received no profit, cannot be upheld.

If respondent's contention that only gain or profit may be taxed under the Sixteenth Amendment be accepted without qualification, see *Eisner* v. *Macomber*, 252 U. S. 189, *Doyle* v. *Mitchell Brothers Co.*, 247 U. S. 179, the question remains whether the gain or profit which is the

subject of the tax may be ascertained, as here, on the basis of fixed accounting periods, or whether, as is pressed upon us, it can only be net profit ascertained on the basis of particular transactions of the taxpayer when they are brought to a conclusion.

All the revenue acts which have been enacted since the adoption of the Sixteenth Amendment have uniformly assessed the tax on the basis of annual returns showing the net result of all the taxpayer's transactions during a fixed accounting period, either the calendar year, or, at the option of the taxpayer, the particular fiscal year which he may adopt. Under §§ 230, 232 and 234 (a) of the Revenue Act of 1918, 40 Stat. 1057, respondent was subject to tax upon its annual net income, arrived at by deducting from gross income for each taxable year all the ordinary and necessary expenses paid during that year in carrying on any trade or business, interest and taxes paid, and losses sustained, during the year. By §§ 233 (a) and 213 (a) gross income " includes . . . income derived from . . . businesses . . . or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." The amount of all such items is required to be included in the gross income for the taxable year in which received by the taxpayer, unless they may be, properly accounted for on the accrual basis under § 212 (b). See *United States* v. *Anderson*, 269 U. S. 422; *Aluminum Castings Co.* v. *Routzahn, ante,* p. 92.

That the recovery made by respondent in 1920 was gross income for that year within the meaning of these sections cannot, we think, be doubted. The money received was derived from a contract entered into in the course of respondent's business operations for profit. While it equalled, and in a loose sense was a return of, expenditures made in performing the contract, still, as the Board of Tax Appeals found, the expenditures were

made in defraying the expenses incurred in the prosecution of the work under the contract, for the purpose of earning profits. They were not capital investments, the cost of which, if converted, must first be restored from the proceeds before there is a capital gain taxable as income. See *Doyle* v. *Mitchell Brothers Co., supra,* p. 185.

That such receipts from the conduct of a business enterprise are to be included in the taxpayer's return as a part of gross income, regardless of whether the particular transaction results in net profit, sufficiently appears from the quoted words of § 213 (a) and from the character of the deductions allowed. Only by including these items of gross income in the 1920 return would it have been possible to ascertain respondent's net income for the period covered by the return, which is what the statute taxes. The excess of gross income over deductions did not any the less constitute net income for the taxable period because respondent, in an earlier period, suffered net losses in the conduct of its business which were in some measure attributable to expenditures made to produce the net income of the later period.

*Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, on which respondent relies, does not support its position. In that case the taxpayer, which had lost; in business, borrowed money, which was to be repaid in German marks, and which was later repaid in depreciated currency, had neither made a profit on the transaction, nor received any money or property which could have been made subject to the tax.

But respondent insists that if the sum which it recovered is the income defined by the statute, still it is not income, taxation of which without apportionment is permitted by the Sixteenth Amendment, since the particular transaction from which it was derived did not result in any net gain or profit. But we do not think the amendment is to be so narrowly construed. A taxpayer may be in receipt of net income in one year and not in another.

The net result of the two years, if combined in a single taxable period, might still be a loss; but it has never been supposed that that fact would relieve him from a tax on the first, or that it affords any reason for postponing the assessment of the tax until the end of a lifetime, or for some other indefinite period, to ascertain more precisely whether the final outcome of the period, or of a given transaction, will be a gain or a loss.

The Sixteenth Amendment was adopted to enable the government to raise revenue by taxation. It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and apply methods of accounting, assessment, and collection capable of practical operation. It is not suggested that there has ever been any general scheme for taxing income on any other basis. The computation of income annually as the net result of all transactions within the year was a familiar practice, and taxes upon income so arrived at were not unknown, before the Sixteenth Amendment. See *Bowers* v. *Kerbaugh-Empire Co., supra,* p. 174; *Pacific Insurance Co.* v. *Soule,* 7 Wall. 433; *Pollock* v. *Farmers' Loan & Trust Co.,* 158 U. S. 601, 630. It is not to be supposed that the amendment did not contemplate that Congress might make income so ascertained the basis of a scheme of taxation such as had been in actual operation within the United States before its adoption. While, conceivably, a different system might be devised by which the tax could be assessed, wholly or in part, on the basis of the finally ascertained results of particular transactions, Congress is not required by the amendment to adopt such a system in preference to the more familiar method, even if it were practicable. It would not necessarily obviate the kind of inequalities of which respondent complains. If losses from particular transactions were to be set off against

gains in others, there would still be the practical necessity of computing the tax on the basis of annual or other fixed taxable periods, which might result in the taxpayer being required to pay a tax on income in one period exceeded by net losses in another.

Under the statutes and regulations in force in 1920, two methods were provided by which, to a limited extent, the expenses of a transaction incurred in one year might be offset by the amounts actually received from it in another. One was by returns on the accrual basis under § 212 (b), which provides that a taxpayer keeping accounts upon any basis other than that of actual receipts and disbursements, unless such basis does not clearly reflect its income, may, subject to regulations of the Commissioner, make its return upon the basis upon which its books are kept. See *United States* v. *Anderson,* and *Aluminum Castings Co.* v. *Routzahn, supra.* The other was under Treasury Regulations (Art. 121 of Reg. 33 of Jan. 2, 1918, under the Revenue Acts of 1916 and 1917; Art. 36 of Reg. 45, Apr. 19, 1919, under the Revenue Act of 1918) providing that in reporting the income derived from certain long term contracts, the taxpayer might either report all of the receipts and all of the expenditures made on account of a particular contract in the year in which the work was completed, or report in each year the percentage of the estimated profit corresponding to the percentage of the total estimated expenditures which was made in that year.

The Court of Appeals said that the case of the respondent here fell within the spirit of these regulations. But the court did not hold, nor does respondent assert, that it ever filed returns in compliance either with these regulations, or § 212 (b), or otherwise attempted to avail itself of their provisions; nor on this record do any facts appear tending to support the burden, resting on the taxpayer, of establishing that the Commissioner erred in failing to

apply them. See *Niles Bement Pond Co.* v. *United States,* 281 U. S. 357, 361.

The assessment was properly made under the statutes. Relief from their alleged burdensome operation which may not be secured under these provisions, can be afforded only by legislation, not by the courts.

*Reversed.*