WOODWARD IRON COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35146. Promulgated November 30, 1931.

*H. C. Kilpatrick, Esq.*, and *Wm. B. White, Esq.*, for the petitioner.
*Elden McFarland, Esq.*, for the respondent.

OPINION.

SMITH: The respondent determined the following deficiencies in the petitioner's income and profits taxes:

| | |
|---|---|
| 1920 | $37, 939. 43 |
| 1921 | None. |
| 1922 | None. |
| 1923 | 67, 607. 89 |
| Total | 105, 547. 32 |

At the hearing the parties filed the following stipulation:

The parties having agreed to a basis for settlement of all of the issues in this case, save and except the issue hereinafter set forth, it is hereby stipulated and agreed that the Board may consider and determine this cause on the basis of the facts and statements herein contained.

1. The sole issue to be considered and determined by the Board is whether or not the Commissioner lawfully included in the petitioner's income subject to tax for the years 1920 to 1923, inclusive, certain sums constituting the difference between the amounts for which the petitioner sold its bonds and the amounts for which same were reacquired by it as hereinafter set forth, to-wit:

(a) The petitioner duly issued and delivered to the Farmers Loan & Trust Company, a New York corporation, as Trustee, its First and Consolidated Mortgage securing Twenty-five Million Dollars ($25,000,000.00) face amount of its 5% Sinking Fund Gold First and Consolidated Mortgage Bonds, said mortgage being dated as of January 1, 1912. Contained in said First and Consolidated Mortgage as Article Second thereof was a convenant on the part of Petitioner that it would pay to the Trustee under the mortgage, and that the Trustee would retain, certain sums as a sinking fund all as set out in said Article Second a true copy of which is hereto attached marked *Exhibit* "*A*" and made a part hereof as if incorporated herein. [This article further provided for the purchase of the bonds· by the taxpayer and/or the trustee. Other provisions are not material here.]

(b) In accordance with the obligations imposed upon them by said Article Second of said First and Consolidated Mortgage the Petitioner purchased for the sinking fund for the calendar year 1920 bonds of said issue of the face amount of $107,000.00; for the calendar year 1921, bonds of said issue of the face amount of $112,958.39; for the calendar year 1922, bonds of said issue of the face amount of $118,000.00, and for the calendar year 1923, bonds of the said issue of the face amount of $128,925.42. All of said bonds of the face amount aforesaid were delivered to and retained by the Trustee under said mortgage in the sinking fund and said bonds were marked "held for the sinking fund and not transferable" as provided in said Article Second of said mortgage.

(c) After making proper allowance for discount previously allowed as a deduction with respect to bonds sold at less than the face amounts thereof, the prices paid by the Petitioner for bonds so purchased for and deposited in the sinking fund were less than the amounts for which said bonds were sold by the Petitioner in the following amounts in the following years, to-wit:

| | |
|---|---:|
| For the calendar year 1920 | $23,190.00 |
| For the calendar year 1921 | 30,124.94 |
| For the calendar year 1922 | 24,652.00 |
| For the calendar year 1923 | 23,505.40 |

On account thereof the respondent has included the aforesaid amounts in the gross income of the petitioner for the respective calendar years. The effect of the inclusion of said amounts in the gross income of the petitioner for the said calendar years is to increase the net taxable income of the petitioner for the year 1920 by the sum of $23,190.00, and for the calendar year 1923 by the sum of $78,282.34, the petitioner having suffered net losses for the years 1921 and 1922 which are applicable to reduce the net taxable income otherwise received by the petitioner for the calendar year 1923. As a result of the aforesaid inclusions in income the tax proposed to be assessed against petitioner has been increased in the amount of $6,493.20 for 1920 and $9,785.29 for 1923.

(d) In the event said amount of $23,190.00 is lawfully included in the gross income of the petitioner subject to Federal income and excess profits tax for the calendar year 1920, it is stipulated and agreed that there is a deficiency due from the petitioner with respect to said calendar year 1920 in the amount of $48,905.09; but if said sum of $23,190.00 is not lawfully included as a part

of the gross income of the petitioner subject to Federal income and excess profits tax for the calendar year 1920, it is stipulated and agreed that a deficiency is due from the petitioner with respect to the calendar year 1920 in the amount of $42,411.89.

(e) In the event that the aforesaid sums of $30,124.94 with respect to the calendar year 1921, $24,652.00 with respect to the calendar year 1922 and $23,505.40 with respect to the calendar year 1923 are lawfully included in gross income of the petitioner subject to Federal income tax for these years, it is stipulated and agreed that there is a deficiency due from the petitioner with respect to the calendar year 1923 in the amount of $53,122.45; but if the amounts aforesaid are not lawfully included in the gross income of the petitioner subject to Federal income tax for the respective calendar years, there is then due a deficiency from the petitioner with respect to the calendar year 1923 in the amount of $43,337.16.

2. That with respect to the years 1921 and 1922 the Board has no jurisdiction for the reason that the notice of deficiency upon which the appeal was based

In *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, the Supreme Court held that the taxpayer realized income upon the purchase of some of its bonds at a price less than the amount received upon the issuance of such bonds. The court pointed out that the transaction involved in *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, " as a whole was a loss," whereas in the *Kirby Lumber Co.* case " there was no shrinkage of assets and the taxpayer made a clear gain." The court also stated that:

* * * As a result of its dealings it made available $137,521.30 assets previously offset by the obligation of bonds now extinct. * * * The defendant in error has realized within the year an accession to income, if we take words in their plain popular meaning, as they should be taken here. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, 364.

The stipulated facts of the instant case do not distinguish it from *United States* v. *Kirby Lumber Co.*, *supra*, which controls the issue here.

The parties having stipulated the amount of the deficiencies to be assessed as the result of our determination,

> *Judgment will be entered for the respondent in the amounts of $48,905.09 for 1920, and $53,122.45 for 1923.*