LAKE VIEW TRUST AND SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 58988, 63050. Promulgated December 13, 1932.

*Allen H. Gardner, Esq.*, for the petitioner.
*T. G. Histon, Esq.*, for the respondent.

OPINION.

Smith: The petitioner contends that the collections made in the taxable years before us, on the debts ascertained to be worthless, charged off on its books, and claimed and allowed as deductions from gross income of the earlier years, do not constitute taxable income. The argument is advanced that since the petitioner had net losses in the earlier years, it has received no benefit from the claimed deductions and that there was no detriment to the Government's revenue thereby. In other words, the assertion is made that such debts, though ascertained to be worthless and actually charged off on the taxpayer's books in a particular year, should not be reflected in the computation of tax liability unless the deduction of the debt actually reduces the taxpayer's taxable income. With this we can not agree. The deduction for bad debts is provided by statute and is predicated upon (a) the ascertainment of worthlessness, and (b) the actual charge-off, and not upon the ultimate resulting benefit to a taxpayer. A taxpayer may not defer the deduction of bad debts ascertained to be worthless and charged off on its books from the year of the ascertainment and charge-off to a later year when the deduction therefor will be of more benefit and effect a greater reduction of its tax liability.

In *Putnam Nat. Bank* v. *Commissioner*, 50 Fed. (2d) 158, the Circuit Court of Appeals for the Fifth Circuit, in affirming the Board's decision (20 B. T. A. 45), said:

It seems to be taken for granted, as indeed it must be, that, if the 1921 deduction was properly claimed and allowed; that is, if in law and in fact the bonds were in that year ascertained to be to that extent worthless, any later collection of such debt must be returned as income. *Carr* v. *Com'r* (C. C. A.) 28 F. (2d) 551; *Davidson* v. *Lucas*, 59 App. D. C. 176, 37 F. (2d) 806; *Sanford & Brooks Co.* v. *Com'r* (C. C. A.) 35 F. (2d) 312, 314; *Burnet* v. *Sanford Brooks Co.*, 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. ——; T. D. R. 62, art. 151; T. D. R. 60, art. 50; *Brewster* v. *Gage*, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; *Fawcus Machine Co.* v. *U. S.*, 282 U. S. 375, 51 S. Ct. 144, 75 L. Ed. ——.

The petitioner now contends that the debts due from the Hartray Shoe Company and Rosenbaum Brothers & Company were not ascertained to be worthless to the extent of the charge-offs in the

earlier tax years, and that it was not until the tax years before us that the uncollected balances on these debts were ascertained to be worthless and should be allowed as deductions. Similar attacks by a taxpayer upon its earlier action in determining the worthlessness of debts charged off on its books, claimed and allowed as deductions on its returns, were without success, and the taxpayer held to be estopped to deny the correctness of its earlier action, in *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320, 325. From the record made by this petitioner, we are satisfied that the debts in question were ascertained to be worthless to the extent charged off on its books and claimed as deductions by the petitioner in the earlier years, and that collections on these debts in the later years (1928 and 1929) now before us, constitute income to this taxpayer as determined by the respondent. *Iberville Wholesale Grocery Co., Ltd.*, 17 B. T. A. 235; *First Nat. Bank of Key West*, 26 B. T. A. 370; *Askin & Marine Co.*, 26 B. T. A. 409; *Putnam Nat. Bank* v. *Commissioner, supra; Commissioner* v. *Liberty Bank & Trust Co., supra.* Cf. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359.

*Judgment will be entered for the respondent.*