## SOUTHERN RY. CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 3922.

Circuit Court of Appeals, Fourth Circuit.

Jan. 6, 1936.

W. T. Joyner, of Washington, D.C. (S. R. Prince and S. S. Alderman, both of Washington, D. C., on the brief), for petitioner.

Maurice J. Mahoney, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is the second petition to review a decision of the Board of Tax Appeals in this case. On the first petition [74 F.(2d) 887], we held that, in computing income tax for the year 1920, an undermaintenance allowance of $12,805,933.68 to the taxpayer by the Director General of Railroads should not be used to diminish the taxpayer's deduction on account of expenditures for maintenance and upkeep made during the last ten months of the year 1920, following the termination of government control. The Board of Tax Appeals, upon remand, recomputed the tax for the year 1920, allowing the taxpayer as a deduction the full amount of the expenditures claimed, and taxing $^{60}\!/_{366}$ of the annual income thus ascertained at 8 per cent., the amount of the so-called "war tax," and the remainder at 10 per cent., the amount of the "war tax" plus the "normal tax" of 2 per cent. $^{60}\!/_{366}$ was the portion of the year that the railroad was under federal control; and what the Board did was to tax a corresponding portion of the annual income at 8 per cent. and the remainder at 10 per cent.

The contention of the taxpayer is that, instead of computing the net income for the tax year and apportioning it for taxation in accordance with the portion of the year that the property was under federal control, the net income of each portion of the year should be separately computed and the expenditures for maintenance and upkeep made during the ten months' period following the termination of federal control should be deducted from income earned during that period. In other words, the Board of Tax Appeals computed the net income for the year and divided it on the calendar basis for purpose of taxation at the different rates applicable. The taxpayer contends that the net income of the two months of control should be computed separately from the income of the succeeding ten months and that the 8 per cent. and

10 per cent. rates should be applied to the actual income of the two separate periods as thus computed. The difference in result is some $43,000.

Some confusion in thinking with respect to the case results from considering as law what the parties have agreed is the practical effect of the law; i. e., that the income of the federal control period is taxable at 8 per cent. and that of the period following control at 10 per cent. When the law itself is considered, there is no confusion and the decision of the Board is clearly right.

There was imposed by the Revenue Act of 1916 a normal tax of 2 per cent. on the income of corporations. See Act of September 8, 1916, 39 Stat. 765, § 10, and Act of March 3, 1917, 39 Stat. 1000. The War Revenue Act of October 3, 1917, imposed a special war tax of 4 per cent. on the income of corporations, in addition to the normal tax of 2 per cent. imposed by the Revenue Act of 1916. See 40 Stat. 302, § 4. The Federal Railroad Control Act of March 21, 1918, 40 Stat. 451, 457, provided in section 12 thereof that moneys derived from the operation of the railroads under federal control should be disbursed for expenses of operation, payment of taxes, and other purposes as specified in the act, with the exception, however, that income and excess profits taxes imposed by the War Revenue Act of October 3, 1917, 40 Stat. 302, should be paid by the carriers out of their own funds. The Revenue Act of 1918, 40 Stat. 1057, 1075, 1076, § 230, imposed an income tax of 10 per cent. on corporations for years subsequent to the year 1918 and provided that, for the purposes of the Federal Railroad Control Act of March 21, 1918, four-fifths of the tax so imposed should be treated as levied by an amendment to the War Revenue Act of 1917. It resulted, therefore, that of the 10 per cent. income tax imposed by the Revenue Act of 1918, on railroads, 2 per cent. was normal tax and was to be borne by the Director General, whereas 8 per cent. was "war tax" and was to be borne by the railroads out of their own funds. See, also, 40 Stat. 452; Appeal of New York, Ontario & Western Ry. Co., 1 B.T.A. 1172.

There is nothing in the Revenue Act of 1918 which provides for the assessment of income taxes otherwise than on the annual basis customarily followed. On the contrary, that act expressly directs what shall be included in gross income of the taxable year (sections 213 and 230, 40 Stat. 1065, 1075) and what deductions shall be allowed in arriving at net income (sections 214 and 234, 40 Stat. 1066, 1077). Only in section 12 of the Federal Control Act of 1918, 40 Stat. 457, is provision made for apportionment of taxes where federal control ends during a taxable year; and the provision there is for apportionment of taxes, not apportionment of income. The applicable provision is as follows: "If Federal control begins or ends during the tax year for which any taxes so chargeable to railway tax accruals are assessed, the taxes for such year shall be apportioned to the date of the beginning or ending of such Federal control, and disbursements shall be made only for that portion of such taxes as is due for the part of such tax year which falls within the period of Federal control."

As the tax on the net income of the railroad for the year 1920 was not assessed or payable until the following year, it is clear that the income tax for the entire year would fall on the railroad except for the provision which we have quoted requiring apportionment; and, as the 8 per cent. "war tax" is to be borne by the railroad in any event, the provision as to apportionment, in so far as it affects federal income tax, is applicable only to the 2 per cent. normal tax. In other words, the Revenue Act of 1918 imposes a tax of 10 per cent. on the railroad's income, of which 2 per cent. is normal tax and 8 per cent. is war tax; and the Federal Railroad Control Act provides that the 2 per cent. normal tax shall be apportioned between the railroad and the director in accordance with the period of the year falling under federal control, whereas the whole of the 8 per cent. tax shall be borne by the railroad. Apportioning the 2 per cent. tax between the director and the railroad on this basis and imposing the 8 per cent. tax on the railroad alone is the same as imposing 8 per cent. on $^{60}/_{366}$ of the net income for the year and 10 per cent. on the remainder, as $^{60}/_{366}$ of the year was the portion of federal control. There is, of course, no difference between relieving the road of the 2 per cent. rate during $^{60}/_{366}$ of the year, and relieving it of $^{60}/_{366}$ of the tax computed at that rate for the entire period.

The railroad concedes that its other taxes for the year 1920 were properly apportionable on the calendar basis under the provision of the statute quoted; and we see no reason why income taxes should not

be treated in the same way. Although income is earned from day to day and from month to month, it is well settled that the tax imposed by the federal statute is on the annual income (Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383); and there is no authority in the statute or elsewhere for attributing any particular portion of the tax levied on annual income to any particular portion of the income. The language of the statute is clear that it is the tax and not the income which is to be apportioned; and when this is grasped, it is readily seen that the calendar basis, admittedly applied in the case of other taxes, is the only basis of apportionment possible. This was the decision of the Board in Union Pacific R. Co. v. Commissioner, 26 B.T.A. 1126, 1145; and we know of no decision anywhere to the contrary.

The decision appealed from will be affirmed.

Affirmed.