## UNITED STATES v. FIRST NAT. BANK OF CHICAGO.

### No. 6074.

Circuit Court of Appeals, Seventh Circuit.
June 22, 1937.

Rehearing Denied Aug. 5, 1937.

Robert H. Jackson, Asst. Atty. Gen., and Arnold Raum, Sewall Key, J. Louis Monarch, and W. Croft Jennings, Sp. Assts. to the Atty. Gen., for the United States.

Frederic Ullmann, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This appeal is from a judgment based upon a claim for refund of federal income taxes paid for the year 1926. The facts, so far as here pertinent, are as follows:

Appellee is the successor trustee provided for in the will of Lucius G. Fisher, who died in 1916. The trustee during the

years 1924, 1925, and 1926 collected the income from the trust estate, which consisted largely of real estate in the city of Chicago. The superior court of Cook county in an appropriate action entered a decree on May 6, 1927, declaring that all the income of the trust estate must be distributed to the beneficiaries without deduction for depreciation. All the ordinary income for the years 1924, 1925, and 1926 was thus distributed. The original income tax returns filed by the trustee for the two former years reported no taxable income to the estate, as the same had been distributed to the beneficiaries, and no deduction for depreciation was claimed. In 1926 the trustee sold a certain portion of the corpus of the estate for a substantial profit, and in the income tax return filed by appellee for that year reported as income of the estate a substantial capital gain and likewise a substantial tax which was paid in installments, the first of which was paid March 15, 1927, and the last, December 15, 1927. Likewise, no deduction for depreciation was taken in this return.

On June 10, 1927, appellee, as trustee, filed amended income tax returns for each of these three years. The amended returns for 1924 and 1925 reported no taxable income, but each included a deduction for depreciation on buildings of $50,-232.81. The amended return for 1926 claimed a deduction for depreciation on buildings in like amount and claimed as "net losses" the total amount of the depreciation claimed for the two preceding years. The Commissioner of Internal Revenue, in determining appellee's taxable net income for the year 1926, allowed the deduction claimed for depreciation in 1926, but disallowed the deduction of the claimed "net losses" advanced from 1924 and 1925. Afterwards certain adjustments, not here material, were made with the taxpayer, and the claim for refund involved in this controversy is based upon the disallowance for 1926 of the items above referred to as "net losses" sustained during the two preceding years.

The basic question presented is whether appellee in the years 1924 and 1925 sustained "net losses" which it was entitled to have deducted in computing its net income for the year 1926. The applicable provisions of the Revenue Act are set forth in the footnote.[1] It is the position of appellee that it is entitled to the benefit of the "net loss" provision of the statute (section 206 (a) and (b), while appellant contends to the contrary. If appellee's position is correct it was, of course, entitled, under

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9, 17, 26, 32:

"Net Losses

"Sec. 206. (a) As used in this section the term "net loss" means the excess of the deductions allowed by section 214 or 234 over the gross income, * * *

"(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called "second year"), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called "third year"); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary. * * *

"(g) The benefit of this section shall be allowed to * * * an estate or trust. * * *

"Deductions Allowed Individuals

"Sec. 214. (a) In computing net income there shall be allowed as deductions: * * *

"(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business. * * *

"Estates and Trusts

"Sec. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including— * * *

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries. * * *

"(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that— * * *

"(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries."

the circumstances presented, to carry forward the amount of depreciation which it sustained in the years 1924 and 1925, and have same deducted from its net income for the year 1926. This was the view adopted by the District Court.

There have been called to our attention no court decisions, nor have we by our own research been able to find any which are controlling. The Board of Tax Appeals, however, in the quite recent case of Spalding Trust v. Commissioner of Internal Revenue, 34 B.T.A. 762, where the facts are almost identical with those before us, passed upon the question here presented. In discussing the involved sections of the Revenue Act as they relate to each other, it is on page 767 said: "Section 206 (a) of the Revenue Act of 1926 defines the term "net loss" as meaning the excess of the deductions allowed by section 214 or 234 over the gross income, with certain exceptions and limitations not presently material. Section 234 deals with deductions allowed corporations, while section 214 specifies the deductions allowed individuals. Section 219 provides that the net income of a trust shall be computed in the same manner and on the same basis as provided in section 214, which relates to the computation of net income of individuals, and further provides that there shall be allowed as an additional deduction in computing the net income of a trust the amount of the income for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries."

Then follows the Board's conclusion as to the law: "It is plain that under the above provisions of the statute the net loss of a trust estate must be computed in the same manner as in the case of an individual taxpayer. A net loss in the case of an estate, therefore, is the excess of the deductions allowed by section 214 over the gross income, without taking into consideration the additional deduction of the amount of income currently distributable to the beneficiaries allowed by section 219."

We think the Board reached the proper conclusion; to hold otherwise is to ignore the plain unambiguous language of the act in question. Section 206 (a) specifically prescribes the formula by which the "net loss" may be determined. The only deductions which may be taken into consideration are those allowable by section 214 or 234. The deduction claimed by appellee, however, does not arise from either of said sections but is based upon section 219. In other words, to sustain the position of appellee the court must read into section 206 (a) the words "or section 219," which we can find no justification for doing. As was said in United States v. Kirby Lumber Company, 284 U.S. 1, 3, 52 S.Ct. 4, 76 L.Ed. 131, "if we take words in their plain popular meaning as they should be taken here" in determining a "net loss" under this statute only such deductions may be considered as are specifically provided for. Legislation permitting the taxpayer to take deductions for losses suffered in preceding years has been given a very limited construction by the Courts. In New Colonial Ice Company v. Helvering, 292 U.S. 435, on page 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348, the Court says:

"Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.

"The statutes pertaining to the determination of taxable income have proceeded generally on the principle that there shall be a computation of gains and losses on the basis of a distinct accounting for each taxable year; and only in exceptional situations, clearly defined, has there been provision for an allowance for losses suffered in an earlier year. * * * Obviously, therefore, a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms."

Similarly it was said in Woolford Realty Company v. Rose, 286 U.S. 319, on page 326, 52 S.Ct. 568, 569, 76 L.Ed. 1128: "The general principle underlying the income tax statutes, ever since the adoption of the Sixteenth Amendment, has been the computation of gains and losses on the basis of an annual accounting for the transactions of the year. Burnet v. Sanford & Brooks Co., 282 U.S. 359, 363, 51 S.Ct. 150, 75 L.Ed. 383. A taxpayer who seeks an allowance for losses suffered in an earlier year must be able to point to a specific provision of the statute permitting the deduction, and must bring himself within its terms. Unless he can do this, the operations of the current year must be the measure of his burden."

Appellee makes a rather plausible argument that unless it is allowed the benefit

694

of section 206 (b) it will be placed in an isolated position as compared with other taxpayers, and such refusal would produce inequality and discrimination. Even though this argument is not without merit, it is one which should be directed to the Legislative Branch of Government rather than the Judiciary. There are some indications that Congress undertook to correct this very situation, for in the Revenue Act of 1928 (section 117 (a), 26 U.S.C.A. § 117 note) we find the term "net loss" defined as the "excess of the deductions allowed by this title over the gross income" in place of "the excess of the deductions allowed by section 214 or 234 over the gross income" as is found in the act of 1926 (section 206 (a). In other words, in the act of 1928 it would seem the deductions referred to might include those allowable by any section of the title, while in the 1926 act they were expressly confined to those allowable by the two sections therein mentioned.

It is our conclusion that the additional deduction provided for in section 219 (b) (2) cannot be taken into consideration in determining the "net loss" as defined in section 206 (a), that section 206 (b) is not applicable, and therefore appellee was not entitled to a deduction in 1926 for losses occurring in previous years. In view of the conclusion reached, other questions raised by appellant are immaterial.

Judgment is reversed.