## HUNTINGTON SECURITIES CORPORATION v. BUSEY, Collector of Internal Revenue.

### No. 3670.

District Court, S. D. Ohio, E. D.

Arnold, Wright, Purpus & Harlor, of Columbus, Ohio, for plaintiff.

Francis Canny, U. S. Atty., of Dayton, Ohio, Ray J. O'Donnell, Asst. U. S. Atty., of Columbus, Ohio, and James W. Morris, Asst. Atty. Gen. (Andrew D. Sharp and Mills Kitchin, Sp. Assts. to the Atty. Gen., on the brief), for defendant.

UNDERWOOD, District Judge.

This is an action seeking refund of income and excess profits taxes paid by the plaintiff under protest and for which the plaintiff duly filed its claim for refund.

By a stipulation of the parties, trial by a jury was waived and the case submitted to the Court upon an agreed statement of facts.

This action for refund arose by reason of an assessment of an income tax in the sum of $6,967.62 and an excess profits tax of $1,112 for the taxable year of 1933 and an assessment of an income tax of $5,989.87 and an excess profits tax of $849.91 for the taxable year of 1934. The plaintiff paid all these sums plus interest of $1,354.38 on

March 20, 1936. The total amount paid was '$16,273.78.

The assessment of the taxes was due to the action of the Commissioner of Internal Revenue, wherein he changed the inventory basis of the securities held by the plaintiff to a current market value basis as of the beginning and end of the years 1933 and 1934, and on such changed basis made his computation of taxes, which resulted in the finding by him that the plaintiff had a net income for the taxable year of $50,673.62 and for the taxable year 1934 of $43,562.70.

The plaintiff is a corporation which was organized for the purpose of taking over the securities of the Huntington National Bank and to engage in the business of buying and selling securities as a dealer in securities.

In the agreed statement of facts, the plaintiff objects to the statement made in paragraph 7 and to Defendant's Exhibits 1 to 16 inclusive, on the ground that the same are immaterial, irrelevant and incompetent.

The objections are hereby overruled for the reason that the statement and the exhibits have some relevancy to the method pursued by the plaintiff in valuing its inventory and, for that reason, are material and there is no ground on which they are incompetent.

Plaintiff has introduced its income tax returns for the years 1929 to 1934, inclusive. These are the only returns the plaintiff made, as it was in existence during those years only. In the 1929 return, it states that its inventories were valued at cost. Beside this is a notation of "$401,598.28," yet the plaintiff used $446,690.45 as the value of its inventory in its return. In the agreed statement of facts, it is stated that cost was $448,-361.97.

The plaintiff did not make a statement as to how its inventory was valued in its 1930 return. In the agreed statement of facts, it is disclosed that plaintiff used $530,711.60 in its return and that cost was $538,318.55.

In its 1931 return the plaintiff stated under valuation of inventories, that its inventory was written down to market through September 30, 1931, and that its inventory stood at book cost as of December 31, 1931. In the agreed statement cost is revealed as $572,806.04 and plaintiff used $557,224.74 in its return.

In its 1932 return the plaintiff stated that its security inventory had been carried at book value throughout the taxable year.

In its 1933 return the plaintiff stated that its inventory was carried at book (cost) value throughout the year. In the agreed statement cost appears as $307,310.11 and plaintiff used $335,117.43 in its return.

In its 1934 return the plaintiff stated that its inventory was carried at book (cost) value throughout the year. Cost was $114,-137.91 and plaintiff used $122,317.73 in its return.

The discrepancies between cost and the amount used by the plaintiff in its returns are accounted for in paragraph 10 of the agreed statement. It is stated there that in some instances the profits from the sale of a block of securities were used to reduce the book cost of the remaining securities of the same block; and contrariwise, in some instances, when the sale from a block of securities resulted in a loss, such loss was then used to increase the book cost of the remaining unsold securities of the same block; also, in some instances, there were partial write downs in the book cost of certain securities. There is no evidence that this method conforms as nearly as may be to the best accounting practice or that it clearly reflects income.

On December 26, 1929, the Board of Directors of the plaintiff adopted a resolution directing the manager in closing the books of the plaintiff as of December 31, 1929 to adjust the book value of all securities owned by the plaintiff to the current market value of such securities and to apply any profits shown, to reduce the item of Organization Expense.

In the 1929 report of the President as to the condition of the business it was stated that the corporation adopted as a policy the valuation of its securities owned at the close of each calendar year, which will be the fiscal year of the corporation, at their cost or their then market, whichever is lower. This report was made part of the minutes of the annual stockholder's meeting. The same statement is, in effect, made in the 1930 report of the President and that report was made a part of the minutes of the 1930 meeting of the shareholders.

In the 1931 report of the President it is stated it was the policy of the corporation to revalue its assets at the close of each three months. He says this was done for the periods ending March 31, June 30 and September 30.

There is nothing stated as to the valuation of the securities in the 1932 report, however, in the 1933 report the President in speaking of write downs says that all securities were not written down to market.

Section 22(c), Title 26 U.S.C.A. provides: "Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income."

Article 105 of Regulation 74 was promulgated pursuant to this section and provides:

"A dealer in securities, who in his books of account, regularly inventories unsold securities on hand either

"(a) At cost;

"(b) At cost or market, whichever is lower, or

"(c) At market value,

may make his return upon the basis upon which his accounts are kept; provided that a description of the method employed shall be included in or attached to the return, that all the securities must be inventoried by the same method, and that such method must be adhered to in subsequent years, unless another be authorized by the Commissioner."

It thus appears from the evidence that the values of the inventories used in its 1933 and 1934 reports were not in conformity with either of the three methods prescribed by the Commissioner. Though they purported to be valued at cost they were not in fact so valued. From the evidence it also appears that the plaintiff's valuation of its inventories did not even have the saving grace of being consistent. The plaintiff stated its policy to be one thing, its directors adopted another method, while in fact, the plaintiff kept its books on a third basis and on the latter basis filed its income tax return. In its income tax returns it shifts from a valuation of cost for one year, to a market value, book cost two years later, and then resorts to book value valuation which it signifies is the same as cost but which, in fact, is not.

■ From these facts, it cannot be said that the action of the Commissioner was arbitrary in changing the inventory valuation to one of market basis for the taxable years of 1933 and 1934. The Commissioner is not estopped in changing the basis of inventory valuation simply because in previous years he had approved of the return of the plaintiff that there was no taxable income. This is not an approval of the method of inventory valuation and did not estop the Commissioner. Seeley v. Helvering, 2 Cir.1935, 77 F.2d 323.

■ Plaintiff contends that the Commissioner cannot make income by a change of inventory valuation when in fact no income existed. This is true. The law looks to substance and not to form in determining income. Bowers v. Kerbaugh-Empire Co., 1926, 271 U.S. 170, 46 S.Ct. 449, 70 L.Ed. 886. But there is no showing here that the plaintiff did not in fact have an income as found by the Commissioner. The only evidence that there was no income is that, over the five year period from the inception of the plaintiff through to the last year in controversy in this case, the plaintiff sustained a loss. The mere fact that a loss occurred over a period of years does not mean that there could not be taxable income for one or more of those years. Burnet v. Sanford & Brooks Co., 1931, 282 U.S. 359, 51 S. Ct. 150, 75 L.Ed. 383. By the same token a showing that a loss occurred over a period of years is not evidence of the fact that the plaintiff did not produce taxable income for the years 1933 and 1934. At least, it is not such evidence as would overcome the prima facie correctness of the Commissioner's findings.

■ Since there is no evidence to show that the plaintiff's method of valuing its inventory conforms as nearly as may be to the best accounting practice in the trade or business; nor any evidence to show that such method most clearly reflected the plaintiff's income; nor any substantial evidence to show that the plaintiff did not in fact make the income charged to it by the Commissioner; nor any showing that the action of the Commissioner was arbitrary, the findings of the Commissioner will be sustained.

Therefore, the petition of the plaintiff should be dismissed at the cost of the Plaintiff.

The government will submit its suggestions of findings of fact and conclusions of law in accordance with this memorandum within thirty days, from the filing hereof.

Entry accordingly.