In the Matter of ABRAHAM A. LIAN et al., as Executors of RAJI LIAN, Deceased, et al., Petitioners, against MARK GRAVES et al., Constituting the State Tax Commission of the State of New York, Respondents.

Petitioners are importers of linens, laces, embroideries and handkerchiefs doing business as copartners under the firm name of Lian Bros. During the years with which this proceeding is concerned the firm included Raji Lian who died in 1938. His estate here is represented by his executors. During the four years from 1927 to 1930 the firm paid certain customs duties to the United States Government on account of goods imported into the United States, in part under protest. The amount of such customs duties follows: 1927, $167,189.65; 1928, $156,504.15; 1929, $125,768.90; 1930, $79,779.05. Each of these amounts in the respective years was added to the cost of goods sold in the New York State partnership returns filed by petitioners. A series of actions were instituted by the petitioners to recover a part of the amounts of such customs duties claimed by the petitioners to have been erroneously collected. The protested amounts were the difference between the ninety per cent duty collected by the government and the seventy-five per cent applicable to the classification in which it was claimed that the goods belonged. A test case (not brought by petitioners herein) entitled *United States* v. *F. M. Jabara & Bros.* (22 C. C. P. A. [Customs] 77) resulted in a decision in 1934 by the United States Court of Customs and Patent Appeals sustaining classification of the type of goods

therein involved so as to be subject only to a duty of seventy-five per cent. In 1936 it was determined that duties had been erroneously collected because of improper classification of their goods and petitioners received refunds totaling $49,510.95. This was made up of the amounts which had been paid under protest for the years 1927 to 1930, being the difference between the ninety per cent erroneously charged and the seventy-five per cent duty properly applicable to the classification of the goods, or fifteen per cent of the amount of duty actually paid. In the partnership and unincorporated business tax return for the calendar year 1936 during which the refund was received, petitioners excluded the whole amount thereof from the gross income and their individual returns reflected income from the partnership without reference to the amount of the refund. An assessment of unincorporated business tax for the year 1936 was made against Lian Bros. by the Department of Taxation and Finance on the basis of the amount of the refund of customs duties erroneously collected and assessment of additional personal income tax for that year was made against each of the petitioners. The power of the Tax Commission to revise returns for the years 1927 to 1930, or to grant revision of such returns on application of the taxpayers, had long since expired when the refund was made. (Tax Law, §§ 373, 374.) Sections 358, 359 and 386-d of the Tax Law define the term gross income as applied to this proceeding. Article 16-A of the Tax Law (added by L. 1935, ch. 33) effective February 16, 1935 imposed a tax on the entire net income of any unincorporated business carried on within the State in the calendar years 1935 and 1936. That statute has since been extended to include subsequent years. The only issue here is whether the amount of a portion of customs duties refunded in 1936 as having been erroneously collected for the years 1927 to 1930 constitutes gross income in 1936 under article 16 of the Tax Law. This sum constitutes taxable income under articles 16 and 16-A of the Tax Law and the assessments were therefore properly made. (*Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359; *Houbigant, Inc.* v. *Commissioner of Internal Revenue*, 31 B. T. A. 954; affd., 80 Fed. Rep. [2d] 1012; certiorari denied, 298 U. S. 669.) Determination of the State Tax Commission unanimously confirmed with fifty dollars costs and disbursements. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.