IRMA S. CONSTANTINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Constantine v. Commissioner
Docket No. 5417-77.
United States Tax Court
T.C. Memo 1978-268; 1978 Tax Ct. Memo LEXIS 247; 37 T.C.M. (CCH) 1154; T.C.M. (RIA) 78268; July 20, 1978, Filed Irma S. Constantine, pro se. William F. Hammack, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 4,981.61 in petitioner's Federal income tax for 1974. The issues for decision are: 1. Whether respondent *248 erred in computing the amount of petitioner's net long-term capital gain on the sale of a vacant lot in 1974. 2. Whether a special assessment of $ 578.07 which petitioner paid in 1974 in respect of certain property is deductible as real property taxes under section 164. [1]/ 3. Whether petitioner received taxable dividends in the amount of $ 7,497.08 in 1974. FINDINGS OF FACT Petitioner Irma S. Constantine(hereinafter petitioner) was a legal resident of Grosse Pointe, Michigan, when she filed her petition and amended petition. 1. Capital Gain on Sale of Vacant Lot
On November 29, 1974, petitioner entered into a contract with Manufacturers Bank of Livonia, Michigan (hereinafter the bank) to sell it a vacant lot for $ 190,000. Petitioner's adjusted basis in the property was $ 35,841.94, and she incurred expenses of $ 19,887 selling the property. Under the terms of the contract, the bank made an initial payment in the amount of $ 50,000 in 1974. The contract further provided that the balance of the purchase price *249 would be paid at the rate of $ 28,000 per year and that the unpaid balance would generate interest at the rate of 8 percent per year. The first payment of $ 28,000 was due in November 1975. The only other capital transaction entered into by petitioner during 1974 was the sale of stock in Consolidated Cigar Company from which sale petitioner realized a $ 2,587.25 long-term capital loss. Petitioner had net capital gains in 1969 through 1973, but on her income tax return for 1974 she claimed a $ 1,000 capital loss carryover from years beginning before 1970. A summary of "Schedule D, Part II, Long-term Capital Gains and Losses" from petitioner's 1974 Federal income tax return is as follows: Vacant lot
$ 43,000.00
Consolidated Cigar Co. stock
(2,587.25)
Other: Business loss
(22,000.00)
Operating business loss--Featherstone
(6,500.00)
Damages--Home dynamite
(3,700.00)
Damages--Home chimney
(3,000.00)
Legal fees--attorney
(8,057.51)
Legal fees--attorney
(6,000.00)
Legal fees--judgment
(8,382.63)
Court costs
(774.88)
Bank account taken
(364.05)
Stock loss
(490.00)
Long-term capital loss carryover from years
beginning before 1970
(1,000.00)
Net long-term loss
($ 19,856.32)
*250 None of the items listed under "other" were incurred in 1974. Respondent determined that petitioner recognized a net long-term gain of $ 32,746.75 in 1974, computed as follows: Vacant lot
$ 35,334.00
Consolidated Cigar Co. stock
(2,587.25)
$ 32,746.75
2. Real Property Tax Deduction
On her 1974 Federal income tax return, petitioner deducted $ 6,378.92 as real property taxes. Of this amount, $ 578.07 was a special assessment paid to the City of Livonia, Michigan, for a road built on petitioner's property. Respondent disallowed the deduction for the amount of the special assessment. 3. Dividend Income
In 1974 petitioner received total dividends of $ 10,085.86. On her 1974 Federal income tax return, however she excluded $ 2,787.52 of that amount as a return of capital. In his notice of deficiency, respondent reduced the excludible amount to $ 2,488.78. OPINION 1. Capital Gain on Sale of Vacant Lot
In the notice of deficiency, respondent reduced the long-term capital gain recognized by petitioner on the sale of the vacant lot from the reported $ 43,000 to $ 35,334. Petitioner does not contest this reduction. The only unresolved *251 questions are whether the $ 1,000 long-term capital loss carryover and the various losses and expenses claimed by petitioner on Schedule D of her 1974 Federal income tax return, listed in the chart in our Findings under "other," were properly netted against the capital gain from the vacant lot sale. We do not think petitioner is entitled to apply either one of these items against that gain. Petitioner failed to establish that she was entitled to a $ 1,000 long-term capital loss carryover to 1974. It is true that section 1212 was amended in 1964 to provide for the unlimited carryover of capital losses incurred by individual taxpayers but that provision covered only losses incurred subsequent to 1963. Prior to that amendment, capital losses could be carried over for only 5 years. Petitioner reported net capital gains in each of the 5 years 1969 through 1973, and she has not shown that her returns for those years were erroneous. There is no ground on which this $ 1,000 loss carryover can be allowed as a deduction for 1974. As to the various losses and expenses subtracted by petitioner in computing a "net long-term loss," many of these items (i.e., the operating business loss, *252 damages to the home, legal fees, and court costs) did not arise from the sale or exchange of a capital asset and, therefore, are not properly subject to being netted against capital gains. See sec. 1222. Moreover, petitioner conceded that all the transactions in which she allegedly incurred the reported losses were closed prior to 1974. Her only explanation as to why she claimed the items on her 1974 Federal income tax return was that they had been improperly disallowed by Internal Revenue Service agents or by this Court in prior years. [2]/ Regardless of whether errors were made in the computation of petitioner's tax for prior years, petitioner is a cash basis taxpayer, and her losses and expenses must be reported in the year in which they were incurred. The return for one year cannot be used to correct errors made in the computation of the taxes for another year. Burnet v. Sanford & Brooks Co.,282 U.S. 359, 365-366 (1931). 2. Real Property Tax Deduction
Pursuant to section 164(c)(1) [3]/ respondent *253 disallowed $ 578.07 of the $ 6,378.92 real property tax deduction taken by petitioner on her 1974 Federal income tax return. The amount disallowed was a special assessment paid to the City of Livonia, Michigan, for a road built on petitioner's property. We agree with respondent's determination. Section 164(c)(1) allows a taxpayer a deduction for special assessments only to the extent allocable to maintenance and interest charges. Petitioner failed to prove, as she was required to do by section 1.164-4(b)(1), [4]/ Income Tax Regs., what part, if any, of the special assessment was allocable to such charges. *254 3. Dividend Income
Petitioner received dividends of $ 10,085.86 in 1974. Of this amount petitioner excluded $ 2,787.52 as a return of capital. Respondent determined that the return-of-capital portion of the dividend was $ 2,488.78, and petitioner did not present any evidence to show that respondent's determination was incorrect. She, therefore, has failed to carry her burden of proving that respondent's determination was erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111, 115 (1933). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / See Constantine v. Commissioner,T.C. Memo. 1974-114; Constantine v. Commissioner,T.C. Memo. 1969-55↩.
3. / SEC. 164. TAXES. (c) Deduction Denied in Case of Certain Taxes.--No deduction shall be allowed for the following taxes: (1) Taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not prevent the deduction of so much of such taxes as is properly allocable to maintenance or interest charges.↩
4. /Sec. 1.164-4(b)(1), Income Tax Regs., states: Insofar as assessments against local benefits are made for the purpose of maintenance or repair or for the purpose of meeting interest charges with respect to such benefits, they are deductible. In such cases, the burden is on the taxpayer to show the allocation of the amounts assessed to the different purposes. If the allocation cannot be made, none of the amount so paid is deductible.↩