**JACOBSEN INVESTMENT COMPANY, Petitioner,**

v.

**STATE TAX COMMISSION OF UTAH, Respondent.**

**No. 900104.**

Supreme Court of Utah.

June 11, 1992.

R. Paul Van Dam, Leon A. Dever, Salt Lake City, for State Tax Com'n.

Gerald T. Snow, Salt Lake City, for Jacobsen Inv. Co.

STEWART, Justice:

The petitioner seeks reversal of a Utah State Tax Commission order affirming a corporate franchise tax deficiency assessment in the amount of $67,352. We affirm.

The State of Utah imposes a franchise tax on corporations for the privilege of doing business in Utah. Through the year 1972, Utah law required corporations to prepay this tax at the beginning of each taxable year. A corporation would pay the franchise tax based on the income received during the past year in return for the privilege of exercising its corporate franchise

during the next year. When a corporation dissolved and therefore no longer needed a corporate franchise, it was not required to file a return or pay tax on income for the year of dissolution. This prepaid franchise tax scheme was amended by the Legislature in 1973 to require that corporations pay franchise taxes in arrears, that is, the tax was due at the end of each business year and was based on the income received during that year.

However, in amending the franchise tax scheme the legislature grandfathered the prepaid tax rule for all businesses incorporated prior to January 1, 1973, which remained in good standing thereafter. Qualifying corporations were not charged a franchise tax on income received during the year of dissolution: "A corporation incorporated or qualified to do business in this state prior to January 1, 1973, is not liable for filing a return or paying tax measured by income for the taxable year in which it legally terminates its existence." Utah Code Ann. § 59–7–123(5); see also Utah Admin.R. R865–6–1F.

Petitioner Jacobsen was incorporated under Utah law prior to January 1, 1973, and remained in good standing until November 25, 1986, at which time its corporate existence was legally terminated. Jacobsen was therefore eligible for treatment under the prepaid franchise tax rule as set forth by § 59–7–123(5). Consequently, Jacobsen paid its 1986 franchise tax based on its 1985 tax year income. As provided by § 59–7–123(5), Jacobsen was not required to file a return for 1986, and no tax has been assessed for that year.

In previous years, Jacobsen had elected to defer certain installment income, as permitted by Utah Code Ann. § 59–7–119. Jacobsen reported income from these transactions as the payments were received.

The Auditing Division of the Commission assessed a tax deficiency against Jacobsen for its 1985 tax year based on the deferred income from installment sales transactions remaining unreported as of November 30, 1985, the close of Jacobsen's 1985 fiscal year. The Commission affirmed the deficiency, primarily relying on Utah Administrative Rule R865–6–15F ("Rule 15"), which provides that when a taxpayer is no longer subject to franchise tax, unreported deferred income must be included in the return for the last year for which the taxpayer was subject to the tax.

As the interpretation of the statutory provisions governing the outcome of this case is purely a question of law, we review the Commission's order on a correction of error standard. See Savage Industries, Inc. v. Utah State Tax Comm'n, 811 P.2d 664, 667 (Utah 1991).

Jacobsen contends that Rule 15, insofar as it requires Jacobsen to reopen its tax return for 1985 and report its remaining installment income, violates the provision in § 59–7–123(5) that a corporation incorporated before 1973 "is not liable for filing a return or paying tax measured by income for the taxable year in which it legally terminates its existence." The deferred income, however, is not income for the year Jacobsen terminated its existence. Rather, it is income for the previous year under the privilege of deferment.

Section 59–7–119(2) provides that installment income from sales of realty may be deferred "under rules prescribed by the commission...." As promulgated by the Commission, Rule 15 provides in part:

When a taxpayer elects to report income arising from the sale or other disposition of property as provided in Utah Code Ann. Section 59–7–119, and the entire income therefrom has not been reported prior to the year that the taxpayer ceases to be subject to the tax imposed under the Utah Corporation Income and Franchise Tax Acts, the unreported income is included in the return for the last year in which the taxpayer is subject to the tax.

A plain reading of this rule shows that the phrase "last year in which the taxpayer is subject to tax" was intended by the Commission as the year prior to dissolution. Under Rule 15, therefore, when Jacobsen became no longer subject to franchise tax in 1986, the deferred income was required to be included in the 1985 return.

Although in general, each taxable year is a separate unit for accounting purposes,

see *Burnet v. Sanford & Brooks Co.*, 282 U.S. 359, 365, 51 S.Ct. 150, 152, 75 L.Ed. 383 (1931), that rule is not so restrictive as to constitute a means for avoiding tax on deferred income.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.