THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD M. CONE, Relator, v. MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.— This is a certiorari proceeding instituted to review a final determination of the State Tax Commission denying the application of the relator, a resident of the State, for revision of an additional tax in the sum of $1,229.20 assessed against him for income received from the sale in 1933 of relator's membership in the New York Stock Exchange. The question is whether the profit made from the sale was taxable for the emergency tax under section 351-d of the Tax Law. The relator filed an income tax return for the year 1933 and reported the income from the sale of the stock exchange membership under the regular income tax but not under the emergency tax. The State Tax Commission has reassessed the tax against him under the emergency provision of the Tax Law. He acquired the seat in 1919 and used it until 1933, buying and selling and trading on the exchange. On May 29, 1933, due to his health, he entirely retired from business and went home and went to bed. He tried to find a bid for his stock exchange membership and he missed selling it and then had to wait his turn. He told the secretary that he wanted to sell it; this was in June or July of 1933. He let it be known in May of 1933 that he wanted to sell his seat but missed selling it in July and did not sell it until September 15, 1933. Section 351-d of the Emergency Tax on Personal Incomes provides that it shall not apply to accounts or profits in the sale or exchange of real or personal property of the taxpayer not dealt in by him as a business and a transaction not being connected with the business or trade in which he is engaged individually or as a partner. The relator would be entitled to the provisions stated under the first provision because he was not dealing in the stock exchange seat as a business or trade but the transaction was connected with the business or trade in which the taxpayer was engaged individually and the fact that he was not able to sell it immediately upon quitting business does not give him the right of exemption provided for by law. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.