Postee, J.
This is a proceeding under article 78 of the Civil Practice Act to review a final determination of the State Tax Commission affirming additional assessments against petitioner for the years 1935, 1936'and 1937, of an emergency tax on his personal income as imposed by section 351-f of the Tax Law.
On March 14, 1932, petitioner sold his entire newspaper publishing business for $1,250,000, of which $250,000 was received in' cash, and the remainder in notes maturing in each of the years 1933 to 1937.
The issues involved are: (1) whether the gain upon the sale of petitioner’s entire business was subject to the emergency tax imposed by section 351-f of the Tax Law, as a gain derived from the sale of real or personal property connected with any trade or business carried on by petitioner for profit; (2) and, if so, whether payments on an installment basis received in years during which the emergency tax was in effect are exempt because the sale took place before the emergency tax was first imposed.
Petitioner’s contention is that the transaction taxed was a capital transaction, not included within the levy of the 1% emergency tax. This court has held that the sale of á stock exchange membership,* after the owner had retired from the business of trading on the Exchange, was taxable because the transaction was connected with the business in which the taxpayer was individually engaged (People ex rel. Cone v. Graves, 254 App. Div. 918). Petitioner argues that there is a distinction between *385 the sale of one of the capital assets of a business and the sale of the entire business on the ground that the former is merely an asset of the taxpayer’s business and that the whole business is his personal asset.
We are unable to find such a distinction in the statute. As originally enacted by section 351-d of the Tax Law (L. 1933, ch. 228) an emergency tax was generally imposed on net incomes, with the following exclusion: “ (a) there shall not be included in gross income as defined by section three hundred fifty-nine of this article gains and profits derived from any sale or exchange of real or personal property of the taxpayer not dealt in by him as a business and the transaction not being • connected with a business or trade in which he is engaged individually or as a partner ”.
As re-enacted by section 351-e of the Tax Law (L. 1934, ch. 899) the exclusion was amended to read as follows: “ (a) that there shall be excluded from gross income gains and profits derived from any sale or exchange of real or personal property not connected with any trade or business carried on for gain or profit ”.
The same language was used in the continuance of the tax for 1935, 1936 and 1937 by section 351-f of the Tax Law (L. 1935, chs. 34, 422; L. 1936, ch. 127 ;.L. 1937, ch. 184).
These statutes make no such distinction as petitioner claims, and, in our opinion, clearly provide for an emergency tax against gains from the sale of all or any part of property connected with the taxpayer’s business.
Petitioner also asserts that the taxing statutes were retroactively, and, therefore improperly applied, because the original sale antedated the enactment of the first emergency tax statute. This, we think, is not a proper construction. The tax imposed was not a tax on the sale but rather a tax on the income as the same was received by petitioner from year to year, and as he elected to report it (Burnet v. Sanford & Brooks Co., 282 U. S. 359).
The determination of the State Tax Commission should be confirmed, with costs.